# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

---

No. 97-1247

---

United States of America,    *
                       *
        Appellee,      *
                       * Appeal from the United States
        v.              * District Court for the
                       * District of Nebraska.
Mary Ann Rounsavall,    *
                       *
        Appellant.     *

---

Submitted:  September 10, 1997

Filed:  October 22, 1997

---

Before BEAM, FLOYD R. GIBSON, and HEANEY, Circuit Judges.

---

HEANEY, Circuit Judge.

Mary Ann Rounsavall appeals her twenty-year sentence for drug and money laundering.  She contends that the government acted irrationally and/or in bad faith in refusing to file a motion pursuant to 18 U.S.C. § 3553(e) to reduce her sentence below the statutory twenty-year mandatory minimum.  We conclude that Rounsavall has made a sufficient threshold showing on two separate grounds to require that this matter be remanded to the district court for an evidentiary hearing to determine if, in fact, the government acted irrationally and/or in bad faith.

On November 9, 1995, Mary Ann Rounsavall entered into a plea agreement with the government.  As part of her agreement, she pled guilty to drug and money laundering charges.  Absent such an agreement, she would have faced 360 months to life with a statutory minimum of twenty years.  Her agreement with the government provided that if she cooperated in the prosecution of her brother, the government would consider filing motions allowing her to receive a sentence at or below the statutory mandatory minimum.  According to an affidavit submitted by Rounsavall to the district court, Assistant United States Attorney Bruce Gillan told Rounsavall that he did not want or believe that she should go to prison for the twenty years required by the statutory mandatory minimum sentence if she complied with the terms of the plea agreement.  Gillan indicated Rounsavall should expect to receive somewhere between seven to ten years for her cooperation, although the decision as to the length of her sentence would be entirely up to the judge.  In his affidavit, United States Attorney Thomas Monaghan stated that the government initially sought Rounsavall's assistance because the government believed that once she helped in the prosecution, Rounsavall's brother would also cooperate.

Rounsavall testified against her brother in two separate criminal proceedings.  First, she testified against her brother at his drug and money laundering trial.  During his trial, she testified for four days.  She also testified against her brother for an additional day at a forfeiture proceeding.  All told, she testified

for five days, longer than any other witness, in helping the government convict her brother and secure a life sentence against him.[1]

---

[1]Rounsavall also helped the government recover property worth several thousand dollars.

Ultimately, the government filed a § 5K1.1 motion, under the United States Sentencing Guidelines, but not an 18 U.S.C. § 3553(e) motion. Based upon the government's filing of the § 5K1.1 motion, Rounsavall was sentenced to twenty years, the lowest possible sentence the district court could order under the statutory mandatory minimum. Because the government withheld filing a § 3553(e) motion, the district court could not further lower Rounsavall's sentence.

According to an affidavit from United States Attorney Thomas Monaghan, the government considered but decided against filing a § 3553(e) motion for the following reasons:

> (a) the failure of the defendant to cooperate with the government until her second trial; (b) the fact that a portion of her testimony regarding money laundering given during a trial against a codefendant was not accurate or complete; (c) the fact that no other persons can be prosecuted as a result of her cooperation; and (d) the fact that she violated her plea agreement by not giving reliable and complete testimony regarding money laundering.

United States v. Rounsavall, No. 4:CR94-3034, at 4 (D. Neb. Sept. 11, 1996).

The district court judge strongly disagreed with the decision of the prosecutor not to file a § 3553(e) motion:

> In my opinion, Ms. Rounsavall's testimony against her brother was extremely helpful to the Government, was, in large measure, truthful and

4

was provided to the Government at great personal cost to Ms. Rounsavall. In some ways, she's going to have to live the rest of her life knowing she contributed to her brother probably dying in prison. If the Government had filed a motion under the statute, I would likely have substantially departed below the sentence that I now must impose under the law.

(Sent. Tr. at 531-32, Nov. 22, 1996). The district court judge further stated that:

> Since this dispute has arisen, Rounsavall, without the government making any promises respecting the departure question, has further cooperated with the government by stipulating to forfeiture of certain property. Moreover, Rounsavall has also agreed to the entry of a money judgment in the sum of $200,000. Rounsavall made these concessions despite the fact that her plea agreement did not require them, and despite the fact that the government had made no direct or indirect promise that further cooperation might change the government's departure decision.[2]

Rounsavall, No. 4:CR94-3034, at 8-9 (citations omitted).

Despite disagreeing with the government's decision, the district court found that there was no reason to hold an evidentiary hearing regarding Rounsavall's claim of a breach of her agreement because the government had simply agreed to consider her cooperation and nothing more. Rounsavall appeals the district court's denial of her motion to compel the government to file a § 3553(e) motion.

## II.

When the government files a substantial assistance motion under § 5K1.1, a sentencing court may depart from the guidelines sentencing range but not the statutory minimum. Melendez v. United States, 116 S. Ct. 2057, 2063 (1996). When the government files a substantial assistance motion under § 3553(e), however, a sentencing

---

[2]On the basis of the latter fact, the district court required the United States Attorney to examine again the departure question in light of this new cooperation.

court may depart from the applicable mandatory minimum sentence.  <u>Id.</u>

In this regard, the law's practical effect is twofold:  1) where a § 5K1.1 motion is filed, the district court cannot sentence below the statutory mandatory minimum;  2) where a § 3553(e) motion is filed, on the other hand, the district court is able to depart

7

below the mandatory minimum sentence otherwise required by the sentencing guidelines.

In this case, after the government filed its § 5K1.1 motion, the district court sentenced Rounsavall to twenty years, the lowest possible sentence under the statutory mandatory minimum.  Because the government failed to file a § 3553(e) motion, the district court correctly believed it could not depart below the twenty-year sentence even though it "strongly disagree[d] with the [government's] decision" not to file the motion.  Rounsavall, No. 4:CR94-3034, at 8.

III.

"A sentencing court may not grant a downward departure for substantial assistance absent a motion by the government."  United States v. Stockdall, 45 F.3d 1257, 1259 (8th Cir. 1995) (citing United States v. Kelly, 18 F.3d 612, 617 (8th Cir. 1994); United States v. Coleman, 895 F.2d 501, 504 (8th Cir. 1990)).  There are, however, limited exceptions to this rule.  Kelly, 18 F.3d at 617. "[R]elief may be granted absent a government substantial assistance motion if a defendant shows that the government's refusal to make the motion was based on an unconstitutional motive, that the refusal was irrational, or that the motion was withheld in bad faith."  Id. at 617-18 (citations omitted).  A defendant is entitled to an evidentiary hearing to determine whether the government acted improperly if she is able to make a substantial threshold showing that the government acted irrationally, in bad faith, or in violation of

8

one's constitutional rights.  <u>Id.</u> at 618 (citing <u>Wade v. United States</u>, 504 U.S. 181, 186 (1992)).

We agree with the district court that United States Attorney Monaghan should have made the § 3553(e) motion for a statutory downward departure.  We go a step further, however, and hold that Rounsavall made a sufficient threshold showing to require that an evidentiary hearing be held to determine whether the United States

9

Attorney's reasons for not granting the motion were irrational and/or were made in bad faith.

No credence can be given to the United States Attorney's first reason, that the defendant failed to cooperate until her second trial. The fact is that the plea agreement was not entered into until the second trial. Thus, if the United States Attorney was going to take into consideration that Rounsavall was late in entering a plea, he should have said so at that time rather than after the fact.

Nor do we find merit in the United States Attorney's view that the testimony regarding money laundering given during the trial against a codefendant was not accurate or complete. It appears from the record that the codefendant was her brother. She testified against him for the better part of five days and he was convicted, the district court found, largely because of her testimony.

The third reason for failing to file a statutory motion, that no other person can be prosecuted as a result of her cooperation, is equally specious. If this, in fact, were a condition of her agreement, then the prosecutor should have made it clear before he accepted her plea agreement. He failed to do so.

On the basis of this record, we are unable to divine the rationale behind the prosecutor's final reason for failing to file a statutory motion, that Rounsavall's testimony regarding money laundering was not reliable or

complete.[3]  Again, her brother was not only convicted of money laundering because of her testimony, but the district court found that she had completely cooperated post-trial in terms of her own

---

[3]An examination of the record indicates that Rounsavall's testimonial inconsistencies were insubstantial and, as the district court found, she was a key witness in helping the government convict her brother.

money laundering and had voluntarily agreed to the entry of a money judgment against her in the sum of $200,000. It is difficult to imagine a higher degree of cooperation.

We then come to appellant's contention that Assistant United States Attorney Gillan told Rounsavall that she could expect to receive between seven to ten years for substantially assisting the government. At oral argument, Gillan contended that whether he made such representations to Rounsavall is outside the record. In its memorandum and order, however, the district court acknowledged that it reviewed Rounsavall's affidavit as part of the entire record before making its final determination.

Based on the alleged representations made to Rounsavall, as set forth in her affidavit, the government may have violated the plea agreement in failing to file the § 3553(e) motion. In <u>Wade</u>, the Supreme Court suggested that the decision to forego filing a § 3553(e) motion could be "superseded" by another agreement made by the prosecutor. <u>Wade</u>, 504 U.S. at 185.

In this case, Gillan's representations to Rounsavall may have superseded the broad discretion prosecutors generally enjoy in determining whether to file a substantial assistance motion under § 3553(e). In her affidavit before the district court, Rounsavall alleged that Gillan said that he did not believe she deserved to go to prison for twenty years if she fully cooperated; and although it was entirely up to the judge, she should

12

expect a seven- to ten-year sentence.  As the district court found, Rounsavall clearly cooperated in providing substantial assistance to the government.   The twenty-year sentence, therefore, may well have been a violation of the plea agreement between Rounsavall and the Assistant United States Attorney who prosecuted the case. This court attempted unsuccessfully to get the Assistant United States Attorney's view on this matter at oral argument.   The question will have to be thoroughly addressed on remand.

The government argues that its only agreement was to consider whether Rounsavall had cooperated in determining whether it would file a § 3553(e) motion. The district court appears to have accepted this view. We do not believe the district court's authority is so limited. Notwithstanding the language of an agreement, if the government's refusal to file a § 3553(e) motion is irrational and/or in bad faith, particularly in light of representations made to a defendant, a district court may require the government to make a downward departure motion.

Additionally, it appears that the government may have based its decision to enter into a plea agreement with Rounsavall on factors other than her substantial assistance. In Stockdall, we stated, "[t]he desire to dictate the length of a defendant's sentence for reasons other than his or her substantial assistance is not a permissible basis for exercising the government's power under § 3553(e)." Stockdall, 45 F.3d at 1261.

In this case, United States Attorney Monaghan admitted in his affidavit that the government had sought Rounsavall's "assistance because we believed that her brother would cooperate with the government once he realized that she was helping" the government. (Appellant's Addendum at 17; Monaghan Aff. ¶ 8). The record indicates that Rounsavall was never informed that the government wanted her assistance to get her brother to cooperate. As it turned out, Rounsavall's brother did not cooperate with the government. It appears, therefore, that when Rounsavall's brother decided not to

14

enter into a plea agreement,[4] the government may have acted irrationally and/or in bad faith by withholding the § 3553(e) motion. As we stated in Stockdall, when contemplating filing a § 3553(e) motion, the government cannot base its decision on factors other than the substantial assistance provided by the defendant:

---

[4]The government, among many other reasons, may have hoped that in entering into a plea agreement with Rounsavall's brother, he would have implicated others.

Section 3553(e) permits the government to file a motion "so as to reflect a defendant's substantial assistance." The statute was enacted to enhance federal law enforcement by "provid[ing] our United States Attorneys with the authority they need to obtain cooperation and information from drug dealers." It was not intended to grant prosecutors a general power to control the length of sentences. As the government has itself argued in another case, "**only factors relating to a defendant's cooperation should influence the extent of a departure for providing substantial assistance under § 3553(e).**"

Stockdall, 45 F.3d at 1261 (alteration in original) (internal citations omitted) (emphasis added).

In other words, as applied to the facts of this case, the government must base its decision whether to file a § 3553(e) motion on factors related to Rounsavall's substantial assistance, not on whether her brother ultimately decided to enter into a plea agreement. In our view, this is another issue in which Rounsavall has made a substantial threshold showing that the government acted irrationally and/or in bad faith and warrants an evidentiary hearing.

IV.

Consistent with this opinion, we reverse and remand to the district court for an evidentiary hearing to determine whether the government acted irrationally and/or in bad faith in failing to file a § 3553(e) motion in light of Rounsavall's substantial assistance and the government's conduct, and whether the government

16

considered factors outside of Rounsavall's substantial assistance in declining to file the § 3553(e) downward departure motion.

A true copy.

Attest.

       CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.