# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-2932

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| James L. Anzalone, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: January 12, 1998
Filed: June 30, 1998

_____

Before LOKEN and MURPHY, Circuit Judges, and ALSOP,* District Judge.

_____

LOKEN, Circuit Judge.

James L. Anzalone appeals the forty-six month sentence he received after pleading guilty to a cocaine distribution conspiracy offense. He contends the district court erred in denying his motion to compel the government to file a substantial assistance downward departure motion under U.S.S.G. § 5K1.1. Because the

---

*The HONORABLE DONALD D. ALSOP, United States District Judge for the District of Minnesota, sitting by designation.

government's refusal to file the motion was for reasons other than the nature of Anzalone's substantial assistance, we reverse.

Anzalone's plea agreement provided that he would truthfully cooperate with the United States Attorney and that "[a]ny cooperation provided by you will be considered by the government under Sentencing Guidelines § 5K1.1 . . . ." This language preserved the government's discretion to decide whether to file a substantial assistance downward departure motion. See United States v. Barresse, 115 F.3d 610, 612 (8th Cir. 1997). In such cases:

> the court is without authority to grant a downward departure for substantial assistance absent a government motion. See Wade v. United States, 112 S. Ct. 1840, 1843-44 (1992). Some limited exceptions to this rule exist, providing that relief may be granted absent a government substantial assistance motion if a defendant shows that the government's refusal to make the motion was based on an unconstitutional motive, that the refusal was irrational, or that the motion was withheld in bad faith. See Wade, 112 S. Ct. at 1844. However, a defendant is not even entitled to discovery or a hearing on such allegations until the defendant makes a "substantial threshold showing." Wade, 112 S. Ct. at 1844.

United States v. Kelly, 18 F.3d 612, 617-18 (8th Cir. 1994) (citations other than Wade omitted); see United States v. Hammer, 3 F.3d 266, 271 (8th Cir. 1993), cert. denied, 510 U.S. 1139 (1994).

Anzalone provided assistance, but the government declined to file a § 5K1.1 motion. Anzalone moved to compel its filing. When the district court took up that motion at the sentencing hearing, the government "agree[d] that [Anzalone] could make a substantial threshold showing that he has substantially assisted" the government's investigation and prosecution of other members of the cocaine distribution conspiracy. However, the government advised that it would not file a § 5K1.1 substantial assistance

motion because it received information that Anzalone had recently used and possessed controlled substances, thereby violating a provision in his plea agreement: "You shall not commit any additional crimes whatsoever." Concluding that the government's position was rational, the district court denied Anzalone's motion to compel and sentenced him without a downward departure.

On appeal, the parties primarily debate whether the government's decision was irrational because it was based, at least in part, on Anzalone's failure to pass a polygraph test addressing whether he had used and possessed controlled substances. We conclude there is a more fundamental defect in the government's position. Its refusal to file a substantial assistance motion was based entirely upon a reason unrelated to the quality of Anzalone's assistance in investigating and prosecuting other offenders. But § 5K1.1 and the related statute governing mandatory minimum sentences, 18 U.S.C. § 3553(e), do not grant prosecutors a general power to control the length of sentences. Because sentencing is "primarily a judicial function," Mistretta v. United States, 488 U.S. 361, 390 (1989), the prosecutor's virtually unfettered discretion under § 5K1.1 is limited to the substantial assistance issue, which is a question best left to the discretion of the law enforcement officials receiving that assistance. "The desire to dictate the length of a defendant's sentence for reasons other than his or her substantial assistance is not a permissible basis for exercising the government's power under § 3553(e) [or § 5K1.1]." United States v. Stockdall, 45 F.3d 1257, 1261 (8th Cir. 1995).

Therefore, "the government cannot base its [§ 5K1.1 motion] decision on factors other than the substantial assistance provided by the defendant." United States v. Rounsavall, 128 F.3d 665, 669 (8th Cir. 1997). Once the government concludes that a defendant has provided substantial assistance, and has positively assessed in that regard "the cost and benefit that would flow from moving," Wade, 112 S. Ct. at 1844, it should make the downward departure motion and then advise the sentencing court if there are unrelated factors, such as Anzalone's alleged post-plea agreement drug use,

that in the government's view should preclude or severely restrict any downward departure relief. The district court may of course weigh such alleged conduct in exercising its downward departure discretion. See United States v. Casiano, 113 F.3d 420, 428-30 (3d Cir.), cert. denied, 118 S. Ct. 221 (1997); United States v. Luiz, 102 F.3d 466, 469-70 (11th Cir. 1996).[1]

Judge Murphy in dissent concludes that the government properly refused to file a § 5K1.1 motion because paragraph 8 of the plea agreement provides that, if Anzalone breaches that agreement, for example by committing additional drug offenses, the government may "refuse to make a motion or recommendation . . . which it is otherwise bound by this agreement to make regarding sentencing." We disagree. Paragraph 8 by its plain language does not apply to a substantial assistance downward departure motion, because the government was never "bound" to make such a motion. The government merely agreed in paragraph 5.B. that "[a]ny cooperation provided by you will be considered by the government under Sentencing Guideline § 5K1.1." Thus, we need not consider an additional issue raised by the dissent's analysis -- whether the government may by agreement with a defendant expand its sentencing authority *vis-a-vis the sentencing court.* Cf. U.S.S.G. Ch. 6, Pt. B, intro. comment. ("sentencing is a judicial function and . . . the appropriate sentence in a guilty plea case is to be determined by the judge").

For the foregoing reasons, the judgment of the district court is reversed and the case is remanded for further sentencing proceedings not inconsistent with this opinion. We note the government has not conceded that Anzalone provided substantial

---

[1]In confirming this rule, we do not impose upon the government a general duty to disclose its reasons for not filing a substantial assistance motion, nor do we lighten the defendant's burden to make a "substantial threshold showing" of improper motive. In this case, the government conceded prior to Anzalone making that showing that its decision not to file the motion was based entirely on a factor unrelated to his substantial assistance.

assistance, only that he could make an adequate threshold showing of substantial assistance.

MURPHY, Circuit Judge, dissenting.

I respectfully dissent because the comprehensive plea agreement entered into by the parties is the key to resolution of this appeal. Anzalone's responsibilities under the agreement are described in several different paragraphs of the agreement. They include pleading guilty to count one of the indictment, refraining from additional crimes, cooperating in very specific ways with the government, and paying the required special assessment. In return the government made a number of promises, including not to prosecute Anzalone for any other prior drug violations and to consider any cooperation under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e).

The specific undertaking of the government in respect to Anzalone's cooperation was contained in paragraph 5.B.: "Any cooperation provided by you will be considered by the government under Sentencing Guideline § 5K1.1 and U.S.C. § 3553(e)." Section 5K1.1 provides that "[u]pon motion of the government stating that the defendant has provided substantial assistance..., the court may depart from the guidelines" and that the "appropriate reduction shall be determined by the court." It also lists factors the court may consider in deciding if it wishes to depart, and if so, to what degree. Section 3553(e) provides that "[u]pon motion of the Government, the court shall have the authority to impose a sentence below a level established by the statute as a minimum sentence." Under both sections it is up to the court to decide whether it wants to grant any downward departure motion and to what extent it might choose to depart. The sentencing function thus properly remains with the court under the agreement. See U.S. v. Stockdall, 45 F.3d 1257, 1260 (8th Cir. 1995).

-5-

Paragraph 8 of the agreement specifically conditioned the government's performance on Anzalone's compliance with his duties:

> ...should you violate any term or condition of this agreement, the United States may: refuse to make a motion or recommendation, or withdraw any motion or recommendation already made, which it is otherwise bound by this agreement to make regarding sentencing.

Paragraph 2, the most detailed section describing Anzalone's duties, begins "You shall not commit any additional crimes whatsoever." The parties thus agreed in these paragraphs that if Anzalone were to engage in criminal activity, the government would not be bound to consider his cooperation for any departure motion based on substantial assistance. The fact that paragraph 5.B. is the only section of the lengthy plea agreement that contains a responsibility of the government which would involve the making of a motion is evidence that this is the type of motion contemplated by paragraph 8.

Since the government's decision not to make a departure motion was based on the plea agreement itself, the cases on which the court relies are not on point. United States v. Wade recognizes the government's general "power, not a duty, to file a motion when a defendant has substantially assisted." 112 S.Ct. at 1843. Here the government took on a duty in the plea agreement to consider Anzalone's cooperation, but that duty was explicitly conditioned on the defendant not committing any additional crimes. Because of information it received about Anzalone's recent use of controlled substances, the government chose not to file a substantial assistance motion. Anzalone had given it this right in his plea agreement. Review of the decision not to file the downward departure motion in this case thus turns on the terms of the plea agreement, not on questions of unconstitutional motive or rationality discussed in Wade or on the quality of Anzalone's assistance. The majority cites United States v. Rounsavall, 128 F.3d 665 (8th Cir. 1997), and United States v. Stockdall, 45 F.3d 1257 (8th Cir. 1995),

for the proposition that only the quality of Anzalone's assistance can be considered by the government in deciding whether to make a § 5K1.1 or § 3553(e) motion. Those cases did not involve a defendant's violation of an express condition of a plea agreement, however, and they are not controlling.

This case is like <u>United States v. Epley</u>, 52 F.3d 571, 580 (6th Cir. 1995), where the critical fact was also the nature of the plea agreement. The court there noted that:

> ...the government reserved complete discretion over whether to request a downward departure. It would go against the terms of the plea agreement to find that the government was obliged to ask for such a departure.

Here also the government preserved its discretion on filing a departure motion. Under this agreement the government was entitled to choose not to consider a downward departure motion if Anzalone violated any term or condition of their contract.

Because the government acted within its rights under the plea agreement, I would affirm the judgment of the district court.

A true copy.


Attest:


        CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.