UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 98-4353

CALVIN LEE MISENHEIMER,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-96-123-MU)

Submitted: March 9, 1999

Decided: March 30, 1999

Before ERVIN and MICHAEL, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James E. Gronquist, Charlotte, North Carolina, for Appellant. Mark
T. Calloway, United States Attorney, Gretchen C.F. Shappert, Assis-
tant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Calvin Lee Misenheimer pled guilty to conspiracy to possess cocaine and crack cocaine with intent to distribute in violation of 21 U.S.C. § 846 (1994). He appeals the 262-month sentence imposed by the district court, contending that the court erred in finding that it could not compel the government to move for a substantial assistance departure under U.S. Sentencing Guidelines Manual § 5K1.1, p.s. (1997). The government argues that the appeal should be dismissed. We find that the plea agreement does not preclude Misenheimer's appeal because the district court struck the waiver of appeal rights before accepting the plea agreement, and we affirm the sentence.

Misenheimer's plea agreement required him to "provide truthful information about the subject charges and about any other criminal activity within the defendant's knowledge" and to testify truthfully against his co-defendants if asked to do so. The agreement also provided that, "[r]egardless of the nature and extent of any substantial assistance that the defendant renders," the government had "no obligation to move for a downward departure if the defendant also knowingly furnishes information that is knowingly false."

Misenheimer testified against co-defendant Michael Jones, who had killed another drug dealer, Herbert Hall, with the cooperation of Misenheimer and several other drug dealers. After Jones was convicted, he began to cooperate and revealed that he and Misenheimer had also murdered another person named Robert McDowell. When Misenheimer was questioned about the McDowell murder, he denied any involvement. He voluntarily took a polygraph test, failed it, and only then admitted the murder, a rape, and another shooting.

At sentencing, the government refused to make a substantial assistance motion, arguing that it did not get the benefit of its bargain because Misenheimer concealed the second murder he and Jones had committed. Defense counsel asked the district court to compel the government to file the motion. The district court held that it did not have authority to compel the government to make a substantial assistance motion.

2

Misenheimer contends on appeal that the district court had authority to compel the § 5K1.1 motion because the government withheld it arbitrarily and refused to carry out its obligations under the plea agreement despite his substantial assistance in Jones' trial. He relies on United States v. Anzalone, 148 F.3d 940 (8th Cir. 1998), in which the Eighth Circuit held that the government cannot base its decision to make or withhold a § 5K1.1 motion on "`factors other than the substantial assistance provided by the defendant.'" Anzalone, 148 F.3d at 941 (quoting United States v. Rounsavall, 128 F.3d 665, 669 (8th Cir. 1997)).

However, it is clear on the record that Misenheimer violated his plea agreement when he failed to disclose Jones' involvement with him in the murder of McDowell. Consequently, the government was no longer obligated under the agreement to move for a departure. See United States v. David, 58 F.3d 113, 114-15 (4th Cir. 1995). Therefore, the district court did not have authority to compel the government to make a substantial assistance motion.

Accordingly, we affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3