# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 00-3859

_____

United States of America,                    *
                                              *
            Appellee,                         *
                                              *
    v.                                        *
                                              *
John Edward Mull, also known as               *
John Edward Maul, also known as               *
Eddie Mull, also known as John                *
Eddie Mull,                                   *
                                              *
            Appellant.                        *


_____

No. 01-1401                          Appeals from the United States
                                     District Court for the
_____                          District of Nebraska.


United States of America,            *   [UNPUBLISHED]
                                     *
            Appellee,                *
                                     *
    v.                               *
                                     *
Louis Elmore McAlister, also         *
known as Stoney McAlister,           *
                                     *
            Appellant.               *

_____

Submitted:  October 16, 2001

Filed:  March 5, 2002

_____

Before BYE, BRIGHT and RICHARD S. ARNOLD, Circuit Judges.

_____

PER CURIAM.

The government charged John Mull, Louis McAlister and five other individuals with conspiracy to distribute cocaine base in the Lincoln, Nebraska area. Several of Mull's co-defendants, including McAlister, pleaded guilty and testified against Mull. Several other individuals testified against Mull pursuant to plea agreements in related cases.  Mull was convicted after an eight-day jury trial and sentenced to 240 months in prison. On appeal, Mull raises several challenges to both his conviction and sentence.

Louis McAlister pleaded guilty and was sentenced to 262 months.  After Mull's trial, the government rewarded McAlister by filing a motion for a sentence reduction under Fed. R. Crim. P. 35(b).  At the Rule 35(b) hearing, McAlister wanted to introduce evidence about his troubled childhood, his background, and his post-arrest rehabilitation efforts.  The district court[1] refused to consider those matters, and reduced McAlister's sentence to 120 months based on his assistance alone.  On appeal, McAlister contends the district court should have considered his proffer of evidence and departed even more.

_____

[1]The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska.

We affirm Mull's judgment of conviction and sentence, and McAlister's sentence.

## I

Mull filed a motion *in limine* requesting permission to ask the many cooperating witnesses whether the government required them to take polygraph examinations as allowed by their plea agreements. We review the district court's denial of the motion for an abuse of discretion. United States v. Whitehead, 176 F.3d 1030, 1036 (8th Cir. 1999). Because the district court could have excluded the results of the witnesses' polygraph examinations, see United States v. Waters, 194 F.3d 926, 930 (8th Cir. 1999), it follows the district court could forbid Mull from asking the witnesses whether they took polygraph examinations in the first place, and properly excluded this collateral matter. The mere fact the government could have submitted witnesses to polygraph examinations, but chose not to, neither proves nor disproves the witnesses' veracity.

Mull filed a second motion *in limine* to exclude a bucket of ammunition found at his residence. The bucket contained shotgun shells and rounds for .9 mm and .38 caliber handguns. Mull contends admission of the entire bucket was prejudicial because the only weapon found at his residence was a .38 caliber revolver, and only one .38 caliber bullet was found in the bucket. We disagree. "Weapons are key tools in the drug trade and can be evidence of a drug conspiracy." United States v. Dierling, 131 F.3d 722, 732 (8th Cir. 1997). Weapons are admissible at trial to prove a defendant's intent to distribute. United States v. Schubel, 912 F.2d 952, 956 (8th Cir. 1990). This rule extends to ammunition as well. United States v. Meirovitz, 918 F.2d 1376, 1379-80 (8th Cir. 1990). Thus, if the jury inferred from the bucket that other guns were involved in the conspiracy, such an inference would have been fair and proper. Mull cannot show substantial prejudice even if we assumed the introduction of the additional ammunition was improper. Since the government could

still use the .38 caliber revolver and its ammunition to prove the conspiracy and Mull's intent to distribute, introduction of the additional ammunition was at worst cumulative. See United States v. Hall, 565 F.2d 1052, 1055 (8th Cir. 1977).

Mull argues the district court should have allowed him to introduce expert testimony about the effects of cocaine use upon the cognitive thinking and perception of the cooperating witnesses. Reviewing the district court's exclusion of this evidence for an abuse of discretion, United States v. Kirkie, 261 F.3d 761, 767 (8th Cir. 2001), we find no abuse. See United States v. Foote, 898 F.2d 659, 665 (8th Cir. 1990) (holding the "effects of cocaine addiction on an individual's mental prowess were within the jury's common understanding"). Mull argues Foote is distinguishable because it involved a defendant's intent, not a witness's ability to perceive and remember events while under the influence of cocaine. We disagree. The effects of cocaine use upon a witness's cognitive abilities are equally within the jury's common understanding.

Mull next claims the district court committed instructional error by identifying a rebuttal witness as an expert because the officer was not disclosed as an expert prior to trial pursuant to Fed. R. Crim. P. 16. We reject Mull's claim. The officer's rebuttal testimony was clearly expert in nature, cf. United States v. Ortega, 150 F.3d 937, 943 (8th Cir. 1998) (recognizing that officers' testimony showing specialized knowledge about drug-related activity is in the nature of expert testimony), and Mull waived any Rule 16 claim he may have had by failing to object when the officer testified as an expert at trial.

Mull also contends the district court abused its discretion by refusing his requested instruction that cocaine use is not evidence of the crime charged. But Mull was "not entitled to a particularly worded instruction where the instructions given adequately and correctly cover[ed] the substance of the requested instruction." United

States v. Kouba, 822 F.2d 768, 771 (8th Cir. 1987) (quoted in United States v. Ervasti, 201 F.3d 1029, 1035 (8th Cir. 2000)).

Mull argues the government violated the Jencks Act, 18 U.S.C. § 3500, by failing to disclose the transcripts of three witnesses' testimony from previous criminal proceedings. The district court found the transcripts were public records to which the Jencks Act did not apply. We agree. The Jencks Act protects information in the government's files from being subject to discovery until *after* a witness has testified. See, e.g., United States v. Isgro, 974 F.2d 1091, 1095 (9th Cir. 1992). Thus, documents which are matters of public record are not subject to the Jencks Act because they are discoverable even *before* a witness testifies at a defendant's trial. United States v. Albanese, 195 F.3d 389, 393 (8th Cir. 1999); United States v. Jones, 160 F.3d 473, 479 n.5 (8th Cir. 1998).

Because the government did not charge drug quantity in the indictment or request the jury to make a drug quantity determination, the district court limited Mull's sentence to 240 months, the maximum sentence authorized by 21 U.S.C. § 841(b)(1)(C) for a cocaine base crime charged without reference to quantity. See United States v. Aguayo-Delgado, 220 F.3d 926, 933 (8th Cir.), cert. denied, 531 U.S. 1026 (2000). Mull nevertheless contends his conviction violates the Due Process Clause of the Fifth Amendment and his right to jury trial under the Sixth Amendment, and invites us to overrule Aguayo-Delgado to the extent it permits a sentence of twenty years or less when the government fails to plead or prove drug quantity. We must decline Mull's invitation. See United States v. Peltier, 276 F.3d 1003, 1006 (8th Cir. 2002) ("[O]ne panel of this court cannot overrule the decision of another").

Mull also argues Apprendi v. New Jersey, 530 U.S. 466 (2000), required the district court to adopt a reasonable doubt standard when considering drug quantity as a sentencing factor. That claim has no merit. Subsequent to Apprendi we recognized that "sentence-enhancing facts still may be found by the judge under a

preponderance-of-the-evidence standard as long as those facts do not result in a sentence that exceeds the original statutory maximum." United States v. Franklin, 250 F.3d 653, 664 (8th Cir. 2001) (quoting United States v. Robinson, 241 F.3d 115, 121 (1st Cir. 2001)). We also reject Mull's claim that the district court's drug quantity determinations were clearly erroneous.

Finally, Mull contends the district court clearly erred in assessing a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) because there was conflicting evidence regarding his possession of a firearm — four witnesses saw Mull with a gun at various times, but four other witnesses never saw a gun at Mull's residence. Reviewing the district court's adjustment for clear error, United States v. Atkins, 250 F.3d 1203, 1213 (8th Cir. 2001), we find none. No conflict arises merely because some witnesses saw a gun, while others did not. We therefore affirm Mull's judgment of conviction and sentence.

## II

McAlister contends the district court could and should have considered evidence unrelated to his assistance to further reduce his sentence under Rule 35(b), citing United States v. Anzalone, 148 F.3d 940, 942 (8th Cir.) (holding a district court may consider factors unrelated to the defendant's assistance "in exercising its downward departure discretion" under § 5K1.1), vacated and reh'g en banc granted, 148 F.3d 940, reinstated and reh'g en banc denied, 161 F.3d 1125 (1998); see also United States v. Marks, 244 F.3d 971, 973 n.1 (8th Cir. 2001) (recognizing that cases addressing § 5K1.1 departures are instructive in addressing Rule 35(b) departures).

The government contends we lack jurisdiction to address McAlister's claim. See United States v. Coppedge, 135 F.3d 589, 599 (8th Cir. 1998). Although we disagree, see United States v. Deitz, 991 F.2d 443, 447 (8th Cir. 1993) ("This court does, however, have jurisdiction to review a district court's determination that it lacks

the authority to consider a particular mitigating factor in making a downward departure"), we nevertheless decline to address McAlister's claim. The record indicates McAlister was subject to a mandatory minimum sentence of 10 years imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A). Absent an additional motion by the government pursuant to 18 U.S.C. § 3553(e), see United States v. Rodriguez-Morales, 958 F.2d 1441, 1447 (8th Cir. 1992), the district court had already exhausted the extent of its discretion under Rule 35(b) by departing to 120 months. We therefore affirm McAlister's sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.