Accordingly, we will affirm the order of the District Court.

**UNITED STATES of America,**

v.

**Efrain MONTALVO a/k/a Leeko**

1. Several standards of review apply to this appeal. We review the District Court's refusal to grant a stay under 11 U.S.C. § 362 de novo because it involves a question of law. However, because it appears that the trial court also considered the request for a stay as a matter subject to its discretion, we also will review for an abuse of discretion. *Matter of Mendoza,* 111 F.3d 1264, 1266 (5th Cir.1997). We review a factual challenge to a jury's verdict by determining whether, viewing the evidence and all reasonable inferences therefrom in the light most favorable to the verdict winner, there is sufficient evidence to support that verdict. *Tyson v. Litwin Corp.,* 826 F.2d 1255, 1258 (3d Cir.1987). We review the "legal" challenge to the award of punitive damages for plain error because Samarah did not raise the objection before the District Court. *Evans v. Port Authority of New York and New Jersey,* 273 F.3d 346, 351 (3d Cir. 2001) (discussing the plain error standard). Finally, We review a District Court's denial of a motion to change venue for abuse of discretion. *U.S. v. Inigo,* 925 F.2d 641, 654 (3d Cir.1991).

Efrain Montalvo, Appellant.

No. 02–3163.

United States Court of Appeals,
Third Circuit.

Argued Feb. 28, 2003.

Decided April 3, 2003.

Gerald E. Fusella (argued), Bloomfield, NJ, for Appellant.

Christopher J. Christie, United States Attorney, George S. Leone, Chief, Appeals Division, Sabrina G. Comizzoli (argued), Assistant United States Attorney, Newark, NJ, for Appellee.

BEFORE: SCIRICA, GREENBERG, and JOHN R. GIBSON,* Circuit Judges.

OPINION OF THE COURT

GREENBERG, Circuit Judge.

This matter comes on before this court on an appeal from a judgment of conviction and sentence entered in the district court on July 26, 2002, following appellant Efrain Montalvo's plea of guilty to a one-count indictment charging him and two co-defendants with conspiracy to distribute and possess with intent to distribute more than 50 grams of crack cocaine contrary to 21 U.S.C. § 841, a violation of 21 U.S.C. § 846. Montalvo entered the plea pursuant to a plea agreement which provided among other things:

> The determination whether the defendant has fully complied with this agreement and provided substantial assistance to the Government rests solely in the discretion of this Office. If this Office determines in its sole discretion that the defendant has fully complied with this agreement and has provided substantial assistance in the investigation or prosecution of one or more per-

---

* Honorable John R. Gibson, Senior Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

sons who have committed offenses, this Office: (1) will move the sentencing judge, pursuant to Section 5K1.1 of the Sentencing Guidelines, to depart from the otherwise applicable guideline range; and (2) may move the sentencing judge, pursuant to 18 U.S.C. § 3553(e), to depart from any applicable statutory minimum sentence.

App. at 56–57.

The district court determined that Montalvo had a total offense level of 34 which, with his criminal history category of VI, yielded a sentencing range of from 262 to 327 months. Moreover, under 21 U.S.C. §§ 846 and 841(b)(1)(A) he was subject to a mandatory minimum sentence of ten years. The government, however, moved the district court for a downward departure from the guidelines range pursuant to U.S.S.G. § 5K1.1 though it did not move for a downward departure from the statutory mandatory minimum sentence. Nevertheless Montalvo argued in the district court that the government acted irrationally or in bad faith in declining to move for a downward departure from the statutory mandatory minimum sentence and that the court even in the absence of a motion by the government should depart downward from the mandatory minimum sentence. The court rejected this contention and sentenced Montalvo to a 120–month custodial sentence to be followed by a five-year term of supervised release. Montalvo appeals. The district court had jurisdiction pursuant to 18 U.S.C. § 3231 and we have jurisdiction pursuant to 18 U.S.C. § 3742(a)(2) and 28 U.S.C. § 1291.

On this appeal Montalvo contends that the district court erred in refusing to depart downward from the statutory mandatory minimum sentence because the government acted irrationally or in bad faith in declining to move for a downward departure from the statutory minimum sen-

tence. Moreover, he asserts that "[t]his case presents an issue of first impression within this Circuit: whether a District Court has the authority to depart from a statutorily imposed mandatory minimum sentence where such authority has been improperly or irrationally withheld by the Government." Appellant's br. at 13. If Montalvo presented the actual question on this appeal we might be inclined to reverse. *See Wade v. United States,* 504 U.S. 181, 186, 112 S.Ct. 1840, 1844, 118 L.Ed.2d 524 (1992); *see also United States v. Abuhouran,* 161 F.3d 206, 211–12 (3d Cir.1998); *United States v. Isaac,* 141 F.3d 477, 481 (3d Cir.1998). But he does not do so because the government's refusal to move for a downward departure was not improper or irrational and thus we will affirm.

We review the district court's conclusion that the government did not act irrationally for clear error. *See United States v. Nolan–Cooper,* 155 F.3d 221, 229 (3d Cir. 1998). But even if we exercised plenary review as Montalvo, citing *United States v. Evans,* 49 F.3d 109, 111 (3d Cir.1995), urges that we should do, our conclusion would be the same. To start with the Supreme Court has made clear that the government may move for a downward departure under section 5K1.1 without moving for a downward departure under section 3553(e). *See Melendez v. United States,* 518 U.S. 120, 125–26, 116 S.Ct. 2057, 2060–61, 135 L.Ed.2d 427 (1996). Moreover, when Montalvo entered into the plea agreement it was clear that the government might make this distinction because it agreed that if it determined in its sole discretion that Montalvo had complied with the plea agreement and "provided substantial assistance" it "will move" for a guidelines departure and "may move" for a statutory departure. As every attorney knows there are often cases considering

whether "shall," "will," or "may" have different meanings. But whatever might be true in other circumstances, certainly when, as here, "will" and "may" are used in the same sentence with respect to the same function they mean different things. Plainly, the government promised less with respect to a possible motion for a statutory departure than with respect to a motion for a guidelines departure.

As we have indicated, the guidelines range here was 262 to 327 months whereas the statutory mandatory minimum sentence was 120 months. It should be obvious that it was of far more benefit to Montalvo when the government moved for the guidelines departure than it would have been if it moved for a departure from the mandatory minimum sentence. After all, there was more time to save from the guideline range than there was to save from the statutory mandatory minimum sentence. Indeed, if the government had moved only for a statutory departure it would have given Montalvo nothing as the guideline range would have required a sentence in excess of the statutory mandatory minimum. Thus, it was logical for the government to accept a binding duty, assuming that it determined that Montalvo upheld his end of the agreement, with respect to moving for a guidelines departure but not with respect to a statutory departure.

We also observe that it was perfectly rational for the government to conclude that it would be appropriate for Montalvo to be sentenced to a term below the guideline range but not to a term below the much lower statutory mandatory minimum sentence. In this regard we point out that even though Montalvo did give substantial assistance to the government he committed a very serious offense for which the court appropriately imposed a substantial custodial term.

Montalvo cites cases from other jurisdictions which he contends support his position. *See United States v. Rounsavall,* 128 F.3d 665 (8th Cir.1997); *United States v. Stockdall,* 45 F.3d 1257 (8th Cir.1995); *United States v. Thomas,* 930 F.2d 526 (7th Cir.1991). The government answers that these cases are distinguishable. We will not discuss these cases at length as we are satisfied that whatever they may hold the result we reach is in accord with the law in this circuit. *See United States v. Clark,* 237 F.3d 293, 294 n. 1 (3d Cir.2001); *United States v. Abuhouran,* 161 F.3d at 211–12; *United States v. Isaac,* 141 F.3d at 481; *United States v. Melendez,* 55 F.3d 130, 135 (3d Cir.1995), *aff'd,* 518 U.S. 120, 116 S.Ct. 2057, 135 L.Ed.2d 427 (1996).

For the foregoing reasons the judgment of conviction and sentence entered July 26, 2002, will be affirmed.