09-0842-cr
United States v. Hernandez

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of December, two thousand ten.

PRESENT:  ROBERT D. SACK,
          REENA RAGGI,
          GERARD E. LYNCH,
                  *Circuit Judges*.

------------------------------------------------------------

UNITED STATES OF AMERICA,

                  *Appellee*,

        v.                                    No. 09-0842-cr

FRANCISCO HERNANDEZ, a.k.a. JORGE LUGO, a.k.a. MEADOW,

                  *Defendant-Appellant*.

------------------------------------------------------------

FOR APPELLANT:    Jeremy Gutman, Esq., New York, New York.

FOR APPELLEE:     Rachel P. Kovner, Katherine Polk Failla, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Robert W. Sweet, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on October 10, 2008, is AFFIRMED.

Defendant Francisco Hernandez pleaded guilty to a four-count indictment charging him with conspiracies involving firearms, see 18 U.S.C. §§ 371, 922(a)(1)(A); drugs, see 21 U.S.C. §§ 841(a)(1), 846; and robbery, see 18 U.S.C. § 1951.  Sentenced principally to the statutorily mandated minimum term of 120 months' imprisonment, see  21 U.S.C. § 841(b)(1)(B), Hernandez presents constitutional and contractual challenges to the prosecution's decision not to file a § 3553(e) motion and the district court's decision not to compel such a motion.  We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Constitutional Challenge

We will generally not review a prosecution decision not to file a § 3553(e) motion except to ensure against unconstitutional motivation, such as race, ethnicity, religion, or a reason not rationally related to any legitimate government end.  See Wade v. United States, 504 U.S. 181, 186 (1992); United States v. Roe, 445 F.3d 202, 207 (2d Cir. 2006).  There is no suggestion here that the government's action was invidious.  Rather, Hernandez faults the

2

district court for failing to review that action for a rational basis. The point merits little discussion. Our de novo review reveals that the government's proffered reason for not making a § 3553(e) motion – Hernandez's commission of further crimes – clearly bore a rational relationship to the government's legitimate interests in deterring crime both generally and specifically as to persons expecting sentencing consideration.

2.      Contractual Challenge

To secure a "more searching" review of the government's decision not to file a § 3553(e) motion, Hernandez also asserts breach of the agreement pursuant to which he pleaded guilty. See, e.g., United States v. Leonard, 50 F.3d 1152, 1157 (2d Cir. 1995). Courts interpret such agreements like other contracts, see, e.g., United States v. Gregory, 245 F.3d 160, 165 (2d Cir. 2001), mindful of the "special due process concerns for fairness and the adequacy of procedural safeguards" presented, United States v. Hamdi, 432 F.3d 115, 122-23 (2d Cir. 2005) (internal quotation marks omitted). The primary judicial purpose is to ascertain and give effect to the parties' intent as reflected in the language of the agreement. See, e.g., Compagnie Financiere de CIC et de L'Union Europeenne v. Merrill Lynch, Pierce, Fenner & Smith Inc., 232 F.3d 153, 157 (2d Cir. 2000). At the same time, we have held that agreements, such as the one here at issue, include "an implied obligation of good faith and fair dealing." United States v. Rexach, 896 F.2d 710, 714 (2d Cir. 1990). We interpret the agreement de novo, but we examine related district court findings of fact only for clear error.

3

See United States v. Roe, 445 F.3d at 206.

Applying these principles here, we easily conclude that the prosecution was justified in refusing to file a § 3553(e) motion due to Hernandez's commission of further crimes. Under the plain terms of the agreement, Hernandez promised, among other things, to "commit no further crimes whatsoever." Agreement at 3. The prosecution promised to file a § 3553(e) motion "if [it] determine[d] that Hernandez ha[d] provided substantial assistance in an investigation or prosecution, and if he ha[d] fully complied with the understandings specified in th[e] Agreement." Id. at 4. The parties specifically agreed that, "should [the prosecution] determine . . . that Hernandez has violated any provision of [the agreement], such a determination will release [the prosecution] from any obligation to file a motion pursuant to Section 5K1.1 of the Sentencing Guidelines and/or 18 U.S.C. § 3553(e)." Id. at 5. This clear language unmistakably establishes that compliance with Hernandez's promise not to commit further crimes was a condition precedent to any prosecution obligation to file a § 3553(e) motion. See, e.g., Restatement (Second) of Contracts § 226 cmt. a (1981); see also United States v. Gregory, 245 F.3d at 164. Therefore, Hernandez's commission of further crimes absolved the government of its obligation to file a § 3553(e) motion. Even if the prosecution retained discretion to excuse the non-occurrence of this condition, see, e.g., Restatement (Second) of Contracts § 225, Hernandez does not – and cannot – allege government bad faith in the refusal to exercise that discretion in his favor.

4

Instead, Hernandez argues that because he provided substantial assistance in the prosecution of other crimes, his own commission of further crimes was not a material breach of the agreement. Under New York law, however, "'substantial performance is ordinarily not applicable to excuse the non-occurrence of an express condition precedent.'" Aetna Cas. & Sur. Co. v. Aniero Concrete Co., 404 F.3d 566, 601 (2d Cir. 2005) (quoting Oppenheimer & Co. v. Oppenheim, Appel, Dixon & Co., 86 N.Y.2d 685, 693, 636 N.Y.S.2d 734, 738 (1995)). Rather, a court may excuse non-occurrence of a non-material condition only if disproportionate forfeiture would result. See Restatement (Second) of Contracts § 229; 14 Williston on Contracts § 43:13. We identify no basis for doing so here because the bar on further crimes clearly is a material condition in a cooperation agreement. Moreover, we cannot agree that the assistance provided by Hernandez constituted "substantial performance" of his obligations under the plea agreement. As the district court observed, Hernandez's commission of further crimes made it difficult, if not impossible, for the government to use him as a witness in other prosecutions. His breach thus went to the heart of the agreement.

Finally, relying on United States v. Anzalone, 148 F.3d 940 (8th Cir. 1998), Hernandez argues that the government cannot withhold a § 3553(e) motion for reasons unrelated to a defendant's substantial assistance. This court has heretofore found it unnecessary to address the reasoning supporting Anzalone's split decision. See United States

5

v. Padilla, 186 F.3d 136, 142 n.5 (2d Cir. 1999). We need not do so here because the rationale of that decision does not apply in situations like this one, where the agreement explicitly grants the prosecution authority to withhold its § 3553(e) motion for violations of its conditions, including the commission of other crimes. See United States v. Anzalone, 148 F.3d at 942.

We have considered Hernandez's other arguments on appeal and conclude that they are without merit. Accordingly, the judgment of the district court entered on October 10, 2008, is hereby AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

6