# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-1182

_____

United States of America

*Plaintiff - Appellee*

v.

Scott Andrew Anderson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Fargo

_____

Submitted: June 24, 2015
Filed: June 30, 2015
[Unpublished]

_____

Before WOLLMAN, LOKEN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Scott Anderson directly appeals after he pleaded guilty to federal drug charges, and the district court[1] sentenced him to 25 years in prison and 10 years of supervised

_____

[1]The Honorable Ralph R. Erickson, Chief Judge, Untied States District Court for the District of North Dakota.

release. His counsel has moved to withdraw, and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967). For the following reasons, we grant counsel's motion and affirm.

For reversal, counsel argues that the government breached its written plea agreement with Anderson by refusing to move for a downward departure under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) at sentencing. We review this issue, raised for the first time on appeal, only for plain error, <u>see</u> <u>United States v. Lovelace</u>, 565 F.3d 1080, 1085-87 (8th Cir. 2009), and we conclude that the government did not breach the agreement, because the agreement plainly vested full discretion in the government to decide whether substantial assistance had been provided under the specific terms of the plea agreement, and whether to file a departure motion, <u>see</u> <u>United States v. Kelly</u>, 18 F.3d 612, 617 (8th Cir. 1994); <u>United States v. Romsey</u>, 975 F.2d 556, 558 (8th Cir. 1992). Counsel draws our attention to <u>United States v. Anzalone</u>, 148 F.3d 940 (8th Cir. 1998), but that decision is inapposite. In this case, unlike <u>Anzalone</u>, the government did not concede that its decision to withhold a substantial-assistance motion was based entirely on factors unrelated to assistance. <u>See</u> <u>United States v. Moeller</u>, 383 F.3d 710, 712 (8th Cir. 2004).

Finally, having independently reviewed the record pursuant to <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we find no nonfrivolous issues. The judgment of the district court is affirmed. We grant counsel's motion to withdraw.

_____