# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 06-2284/2497

_____

United States of America,

      Appellee/Cross-Appellant,

v.

Rodney Jay Jensen,

      Appellant/Cross-Appellee.

\*
\*
\*
\*
\* Appeals from the United States
\* District Court for the Northern
\* District of Iowa.
\*
\*
\*

_____

Submitted: January 9, 2007
Filed: June 28, 2007(Corrected: July 5, 2007)

_____

Before COLLOTON and GRUENDER, Circuit Judges, and GOLDBERG, Judge.[1]

_____

COLLOTON, Circuit Judge.

Rodney Jensen pled guilty to conspiring to distribute more than 500 grams of methamphetamine, and to possessing with intent to distribute more than 500 grams of methamphetamine. Because he had sustained two previous convictions for drug trafficking offenses, Jensen was subject to a mandatory term of life imprisonment, pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851. As part of his plea agreement, Jensen cooperated with law enforcement in the investigation and prosecution of other

_____

[1]The Honorable Richard W. Goldberg, Judge, United States Court of International Trade, sitting by designation.

persons, and the government moved the district court, pursuant to USSG § 5K1.1 and 18 U.S.C. § 3553(e), to reduce Jensen's sentence from life imprisonment to a term of years.

The district court granted the motions and reduced Jensen's sentence to 180 months' imprisonment. The court specified that, for purposes of its analysis, it equated life imprisonment with a term of 360 months' imprisonment. The court then reduced that sentence in two increments: first, to 216 months' imprisonment based on Jensen's substantial assistance in the investigation and prosecution of others, and second, to 180 months' imprisonment based on other factors set forth in 18 U.S.C. § 3553(a).

Neither party is happy with the sentence. Jensen argues that because he was 59 years old at the time of sentencing, and his personal life expectancy was thus less than 360 months, the district court should have adopted a shorter term of imprisonment as a "starting point" for analysis, and then reduced his sentence from there. The government contends that because the sentencing table published in the United States Sentencing Guidelines Manual extends as high as 405 months' imprisonment, and because the Sentencing Commission has defined life sentences as 470 months in its annual Sourcebook for Federal Sentencing Statistics, the district court should have used a greater term of imprisonment as the starting point for its analysis. The government also argues that the district court was not permitted to reduce Jensen's sentence based on factors set forth in 18 U.S.C. § 3553(a) that are unrelated to assistance.

Taking the last point first, we agree with the government that the district court's reduction of sentence from 216 months to 180 months was contrary to law. When the government files a motion under 18 U.S.C. § 3553(e), the court has "limited authority" to sentence a defendant below the statutory minimum. In *United States v. Williams*, 474 F.3d 1130 (8th Cir. 2007), we held that this reduction in sentence below

the statutory minimum must reflect only the defendant's substantial assistance. *Id*. at 1132. The court may not reduce the sentence further based on factors unrelated to assistance, such as those set forth in 18 U.S.C. § 3553(a), because such a reduction exceeds the limited authority granted by § 3553(e). *Id.* The district court did not have the benefit of our decision in *Williams*, but it is now clear that the second increment in the court's reduction was not permissible.

The remaining question is whether the district court abused its discretion in reducing Jensen's sentence from life imprisonment to 216 months. Jensen says the court should have analyzed the reduction by equating "life" with Jensen's actual life expectancy of 20.49 years, and then reducing the sentence from there based on substantial assistance. We reject Jensen's contention as inconsistent with the structure of the advisory guidelines. Departures and reductions based on substantial assistance are to be considered in the context of the advisory guidelines system, *see United States v. Saenz*, 428 F.3d 1159, 1162 (8th Cir. 2005), and that system contemplates a range of incremental punishments ranging from 0-6 months' imprisonment up to Jensen's pre-assistance sentence of life imprisonment. USSG Ch. 5, Pt. A (sentencing table). These punishments are fixed without regard to the offender's life expectancy, and many offenders – including offenders of Jensen's age who are viewed by the Sentencing Commission as less serious than Jensen – are subject to terms of imprisonment of greater than 20.49 years. Thus, it would be anomalous to treat Jensen as the equivalent of an offender who is subject to a term of only 20 years under the guidelines, when other less serious offenders who earn sentence reductions are subject to a higher "starting point" in the sentencing scheme.

The government, on the other hand, contends the district court should have analyzed the reduction by equating "life" with a term of 470 months' imprisonment. We did hold in *United States v. Keller*, 413 F.3d 706 (8th Cir. 2005), that a district court's use of 470 months as a "starting point" was not "in error," *id*. at 711, but we are not convinced that it must be the starting point in every case. *Cf. United States v.*

*Selby*, 184 F. App'x 589, 591 (8th Cir. 2006) (per curiam) (unpublished) (holding in post-*Keller* decision that district court did not err in using 405 months as a starting point for departure from life imprisonment). The 470-month figure is derived from the Sentencing Commission's Sourcebook of Federal Sentencing Statistics, where the Commission has explained that "to reflect life expectancy of federal criminal defendants more precisely and to provide more accurate length of imprisonment information, life sentences are now defined as 470 months." United States Sentencing Commission, 2005 Sourcebook of Federal Sentencing Statistics, App. A (Post-*Booker*), at 2. There is no indication that the Commission's selection of 470 months was a policy judgment about the incremental punishment that should accompany an increase in an offender's offense level from Level 42 (which carries a minimum advisory sentence of 360 months) to Level 43 (which prescribes life imprisonment). Prior to fiscal year 1993, the Commission defined life imprisonment as 360 months, and the change to 470 months was based purely on empirical data concerning the life span of present-day inmates. *Id.*

We are doubtful about the district court's use of 360 months' imprisonment as a starting point, because that figure represents *no* incremental punishment from Level 42 to Level 43. In addition, the guideline sentencing table contemplates sentencing ranges that go as high as 405 months, so it would be odd to equate the maximum sentence of life with a lesser term of 360 months. *See Selby*, 184 F. App'x at 591. Nonetheless, while the parties are fixated on selecting a specific number of months as a starting point, we find that exercise unnecessary to resolve this case. A starting point expressed in a number of months is essential to the analysis only if one accepts the United States Attorney's view that reductions must be measured as a percentage of the otherwise applicable sentence. Percentages are not the only way to evaluate the reasonableness of a reduction, and they can sometimes be unhelpful or even misleading. *Cf. United States v. Maloney*, 466 F.3d 663, 668-69 (8th Cir. 2006) (discussing the issue in the context of variances under 18 U.S.C. § 3553(a)).

In this case, where the Sentencing Commission has not placed a number on "life" imprisonment for the purpose of prescribing an incremental punishment, we think it more helpful to view the district court's reduction in terms of the incremental guideline ranges in the Sentencing Commission's sentencing table. *Cf. id*. at 668. A sentence of life imprisonment corresponds to offense level 43 as a starting point, *see United States v. Nelson*, No. 05-3624, 2007 WL 1774056, at *2 (7th Cir. June 21, 2007), and a reduction from life imprisonment to a term of 216 months amounts to a decrease of six guideline ranges. This measure of the reduction is illustrated most clearly in criminal history category I, where "life" corresponds to offense level 43, and 216 months' imprisonment is within the sentencing range at offense level 37 – a difference of six offense levels. Jensen's criminal history score placed him in criminal history category II, but the government does not urge that a reduction from a statutory minimum of life imprisonment to 216 months should be viewed as a greater reduction for a defendant in category II than for a defendant in category I. Indeed, the government's percentage-based approach treats equally all defendants facing a particular term of imprisonment, regardless of the applicable criminal history category. Likewise, we do not think it necessary to view the difference between level 42, category II, and level 41, category II, both of which carry a sentencing range of "360-life," as a "reduction" for purposes of determining whether the district court abused its discretion in this context. *See Nelson*, 2007 WL 1774056, at *1 (recounting that the government, in recommending reduction of four sentencing guideline ranges from life imprisonment and offense level 43 for a defendant in category VI, asked the district court "to 'clump' the six guideline ranges of '360-life' under category VI (offense levels 42 to 37) 'together into one,'" and that the recommended sentence was within the range corresponding to offense level 34).

A reduction of six guideline ranges is significant in the context of an advisory guideline system where the degree of most aggravating and mitigating adjustments is two, three, or four offense levels. *Saenz*, 428 F.3d at 1162. But it is less dramatic than other reductions that we have viewed as so great as to require exceptional facts

to justify them. *See United States v. Coyle*, 429 F.3d 1192, 1193-94 (8th Cir. 2005) (14-level reduction); *United States v. Dalton*, 404 F.3d 1029, 1033 (8th Cir. 2005) (12-level reduction); *Saenz*, 428 F.3d at 1162 (11-level reduction); *United States v. Haack*, 403 F.3d 997, 1005 (8th Cir. 2005) (7-level reduction); *see also United States v. Burns*, 438 F.3d 826, 831 (8th Cir. 2006) (Wollman, J., dissenting) (disagreeing with panel decision affirming a 10-level reduction), *vacated and reh'g en banc granted*, Nos. 04-2901/2933 (8th Cir. May 18, 2006); *cf. United States v. Pizano*, 403 F.3d 991, 997 (8th Cir. 2005) (affirming 12-level reduction). The district court here determined that Jensen's assistance was not "extraordinary" within the meaning of our cases, and that the reduction in sentence should be less than fifty percent of a starting point expressed in a number of months. (S. Tr. II at 28-29); *cf. Dalton*, 404 F.3d at 1033 (stating that "an extraordinary reduction must be supported by extraordinary circumstances," and citing favorably an observation that a 50 percent downward departure was an "extraordinary sentence reduction").

The record here shows that Jensen was debriefed extensively by law enforcement agents concerning a substantial methamphetamine conspiracy, and that he was a prospective witness in the sentencing proceeding of a co-conspirator. (The conspirator ultimately stipulated to an enhancement as Jensen waited to testify). Jensen also identified the conspirators' source of supply in Arizona – a major figure in the conspiracy – and testified in the grand jury in preparation for what the government characterized as a "probable future indictment." (S. Tr. II at 7). The government stipulated that Jensen's assistance was timely, complete, and truthful. While the reduction here is generous, and at or near the limit of what we could view as reasonable based on this level of assistance, we hold that the district court's reduction of Jensen's sentence by the equivalent of six guideline ranges was not an abuse of discretion.

For these reasons, we vacate the judgment of the district court and remand for imposition of a sentence of 216 months' imprisonment.

_____