# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————————

No. 06-3256

———————————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Larry Wrice, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

———————————

Submitted: February 13, 2007
Filed: July 9, 2007

———————————

Before LOKEN, Chief Judge, GRUENDER and BENTON, Circuit Judges.

———————————

PER CURIAM.

Larry Wrice pled guilty to one count of possession with intent to distribute fifty grams or more of cocaine base after having been convicted of two prior felony drug offenses in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 851 and one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). At sentencing, Wrice faced a mandatory life sentence for the count of possession with intent to distribute fifty grams or more of cocaine base because of his prior felony drug convictions. *See* 21 U.S.C. § 841(b)(1)(A). The Government filed a motion for downward departure pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 based on

Wrice's substantial assistance, recommending that the district court[1] reduce Wrice's sentence by twenty-five percent. The district court granted this motion and determined that a twenty-five percent departure was appropriate. With respect to the proper starting point for departing from a life sentence, Wrice argued that the district court should utilize 360 months, and the Government argued that the district court should depart from 470 months. The district court concluded that 470 months was the proper starting point. It then departed twenty-five percent and sentenced Wrice to 352 months' imprisonment.

Wrice argues that the district court erred when it determined that a life sentence is equivalent to 470 months for the purpose of calculating a substantial assistance departure. However, "[w]e did hold in *United States v. Keller*, 413 F.3d 706 (8th Cir. 2005), that a district court's use of 470 months as a 'starting point' was not 'in error,' *id.* at 711." *United States v. Jensen*, Nos. 06-2284/2497, slip op. at 3 (8th Cir. June 28, 2007) (recognizing that 470 months is one, but not the only, acceptable starting point and utilizing offense level 43 of the sentencing guidelines as the starting point for a departure from a life sentence). Therefore, based on our prior decisions, we cannot say that the district court erred in using 470 months as its starting point for departing from a life sentence.

Accordingly, we affirm Wrice's sentence.

———————————————————————

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.