# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 08-2488

_____

United States of America,      *
     *
     Plaintiff - Appellee,      *
     *
     v.      *
     *
Tracy Brunken,      *
     *
     Defendant - Appellant.      *

_____      Appeals from the United States
District Court for the
No. 08-2783      Northern District of Iowa.

_____

United States of America,      *
     *
     Plaintiff - Appellee,      *
     *
     v.      *
     *
Amy Whitlock,      *
     *
     Defendant - Appellant.      *

_____

Submitted: February 10, 2009
Filed: October 5, 2009

_____

Before LOKEN, Chief Judge, MELLOY and BENTON, Circuit Judges.

_____

LOKEN, Chief Judge.

Tracy Brunken and Amy Whitlock were indicted for conspiring to distribute at least five hundred grams of methamphetamine mixture and fifty grams of pure methamphetamine and distribution of a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(A) and (C), and 846). Brunken was convicted of both counts after a two day jury trial. The district court[1] sentenced Brunken to 152 months in prison, granting a 36-month variance from the advisory guidelines range because his mother's death contributed to his methamphetamine use. Whitlock pleaded guilty, cooperated, and testified against Brunken at his trial. The Probation Officer determined that her advisory guidelines sentencing range was 151-188 months in prison (total offense level 31; criminal history category IV). But Whitlock was subject to a mandatory minimum sentence of 240 months because of a previous state court drug conviction. The government filed substantial assistance motions under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1. The district court granted the motions, concluded that Whitlock's assistance was substantial but not extraordinary, and reduced her sentence by 37.5 percent to 150 months, almost twice the downward departure recommended by the government. Brunken and Whitlock appeal their sentences. We consolidated the appeals and now affirm.

## I. Whitlock

Whitlock requested a fifty percent reduction from her mandatory minimum sentence. At sentencing, which took place after the Supreme Court's decision in Gall v. United States, 128 S. Ct. 586 (2007), the district court found that Whitlock's assistance was not extraordinary, asserted that it was therefore "constrained by Eighth Circuit precedent not to go to 50 percent," and commented:

---

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa, presided in both cases.

when somebody does everything that they could do and they are relatively truthful and complete, and reliable, and they are timely, I'd like to be able to give 50 percent, because that's actually the national average. . . . But I have made that argument before, it's been rejected by the United States Court of Appeals. . . . I hope you get my decision overturned on appeal . . . and I have an opportunity to give a greater reduction in this case.

On appeal, Whitlock does not challenge the district court's conclusion that her assistance was not extraordinary. Rather, she argues that Gall invalidated our extraordinary circumstances standard. The court en banc recently held (i) that departures under § 3553(e) may only be based upon the quality and quantity of a defendant's assistance to law enforcement, and (ii) that the highly deferential abuse-of-discretion standard we apply in reviewing a district court's assessment of § 3553(a) factors under Gall also applies to our review of the court's substantial assistance determinations in ruling on a government motion under § 3553(e). Burns v. United States, No. 04-2901, 2009 WL 2525585, at *6-7 (8th Cir. 2009) (en banc).

In Gall the Supreme Court held that "courts of appeals must review all sentences -- whether inside, just outside, or significantly outside the Guidelines range -- under a deferential abuse-of-discretion standard." 128 S. Ct. at 591. The Court held that requiring "proportional" justifications for variances from the advisory guideline range was inconsistent with United States v. Booker, 543 U.S. 220 (2005). But the Court confirmed "that a major departure should be supported by a more significant justification than a minor one." 128 S. Ct. at 597, quoted in Burns, slip op. at 14 n.5. That principle was properly applied in this case -- the district court carefully weighed the quality and quantity of Whitlock's assistance and concluded that a substantial reduction was warranted, a reduction much greater than the government's assessment of Whitlock's assistance caused it to recommend, but somewhat less than Whitlock requested. According the district court's determination the deference required by Gall

and <u>Burns</u>, we conclude that the court did not abuse its substantial discretion. Whitlock's sentence is not substantively unreasonable. It is therefore affirmed.

Unlike the dissent, we will not blindly follow the broadly-worded unpublished opinion in <u>United States v. Bates</u>, No. 08-3414, 2009 WL 2707559 (8th Cir. Aug. 31, 2009), which is not controlling precedent. <u>See</u> 8th Cir. Rule 28A(i). The sentencing record in <u>Bates</u> is not before us. Here, the district court acknowledged that Whitlock's continuing unlawful use of methamphetamine limited the types of assistance she was able to provide. In other words, she did not "do everything she could do." The court then gave her a lesser departure than she requested, properly applying the above-quoted principle in <u>Gall</u>. Prior to this sentencing, the court had been reversed for giving § 3553(e) departures *greater than* fifty percent. But the court knew that a fifty percent departure (six levels), if appealed by the government, might be criticized by this court but would almost certainly be affirmed. <u>See</u> <u>United States v. Jensen</u>, 493 F.3d 997, 1001 (8th Cir. 2007), and cases cited. So the court made the discretionary decision to impose an appropriate sentence and then told Whitlock and her attorney, in effect, "The Eighth Circuit devil made me do it." We decline to reverse a reasonable sentence based on that false statement.

## II. Brunken

The district court determined that Brunken's advisory guidelines range is 188 to 235 months in prison and granted a 36-month downward variance. On appeal, Brunken argues the court committed procedural error under <u>Gall</u> by failing to adequately consider the sentences imposed on his co-defendants, as 18 U.S.C. § 3553(a)(6) requires. Appellate review of a district court's sentence under <u>Booker</u> must begin by determining whether the court committed significant procedural error. One type of procedural error is "failing to consider the § 3553(a) factors." <u>Gall</u>, 128 S. Ct. at 597 (2007).

In this case, Brunken asserts that his co-defendants were higher in the conspiracy's chain of command yet received lighter or comparable sentences. The district court expressly considered this issue and concluded that Brunken was not similarly situated to his co-defendants because they pleaded guilty, received substantial assistance reductions, or had lower criminal history scores. For these reasons, the court did not grant a variance on that basis. As the court considered this § 3553(a) factor, there was no procedural error. Brunken simply disagrees with the court's assessment, yet he does not argue on appeal that the resulting sentence is substantively unreasonable. Nor is this a basis for concluding that the sentence is unreasonable. See United States v. Watson, 480 F.3d 1175, 1178 (8th Cir.), cert. denied, 128 S. Ct. 305 (2007) (disparity resulting from "legitimate distinctions" between co-defendants not unreasonable); see also United States v. Lazarski, 560 F.3d 731, 733 (8th Cir. 2009) (when a sentence is below the guidelines range, "it is nearly inconceivable that the court abused its discretion in not varying downward still further"). Accordingly, Brunken's sentence must be affirmed.

The judgments of the district court are affirmed.

MELLOY, Circuit Judge, concurring in part, and dissenting in part.

I am pleased to concur in section II dealing with the sentence imposed upon Tracy Brunken. However, I respectfully dissent as to section I.

Our court recently decided United States v. Bates, No. 08-3414, 2009 WL 2707559 (8th Cir. Aug. 31, 2009) (unpublished). The sentencing judge was the same in both Bates and this case. In Bates, our court remanded for resentencing because of comments made by the district court, in which the district court judge indicated that he did not believe he had the authority to grant a 50 percent reduction and stated:

I don't believe the substantial assistance in this case was extraordinary, and that's why I didn't give a 50 percent reduction. However, if the United States Court of Appeals for the Eighth Circuit believes that [Gall v. United States, 128 S. Ct. 586 (2007),] alters the requirement that in order to have a 50 percent reduction it has to be extraordinary, based on the defendant's substantial assistance and my evaluation of the 5K1.1 factors, I would give a 50 percent reduction in this case if I wasn't required to follow existing Eighth Circuit law.

Id. at *1.

In the present Whitlock case the district judge made similar comments when he stated at sentencing: "I feel constrained by Eighth Circuit precedent not to go to 50 percent . . . . My understanding of Eighth Circuit law is that substantial assistance has to be extraordinary." The district court then went on to explain that he did not feel the assistance in the Whitlock case rose to the level of extraordinary. He stated that he hoped the Gall case[2] would change the requirement that the assistance be extraordinary in order to allow for a 50 percent reduction. He concluded by stating: "I hope you get my decision overturned on appeal and it comes back for resentencing, and I have an opportunity to give a greater reduction in this case."

While the comments made by the same sentencing judge in Bates and this case are not identical, I feel that they are so substantially similar that this case is indistinguishable from Bates. Accordingly, I feel we should follow the precedent established by the Bates court and remand Whitlock for resentencing.

_____

[2]Gall v. United States, 552 U.S. 38 (2007).