# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3878

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Joe Madison, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: October 23, 2009
Filed: November 6, 2009

_____

Before RILEY, SMITH, and GRUENDER, Circuit Judges.

_____

RILEY, Circuit Judge.

Joe Madison (Madison) pled guilty to one count of possession of stolen firearms, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2), and one count of being a drug user in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2) and (e). Madison was subject to a mandatory minimum sentence of 180 months imprisonment pursuant to 18 U.S.C. § 924(e)(1) because he qualified as an armed career criminal due to three prior burglary convictions. At sentencing, the government moved for a substantial assistance downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) and recommended a 15% downward

departure. The district court granted the motion, departed downward by 40%, and sentenced Madison to concurrent 108 month sentences. The government appeals, arguing the district court improperly considered the 18 U.S.C. § 3553(a) sentencing factors in departing below the statutory minimum.

Madison suggests the district court did not use the § 3553(a) factors to reduce his sentence, instead reducing the sentence to 108 months solely on substantial assistance grounds and thereafter considering the § 3553(a) factors not to increase Madison's sentence above 108 months. We reject this suggestion.

Our en banc court recently reaffirmed our holding in United States v. Williams, 474 F.3d 1130 (8th Cir. 2007), that "'[w]here a court has authority to sentence below a statutory minimum only by virtue of a government motion under § 3553(e), the reduction below the statutory minimum must be based exclusively on assistance-related considerations.'" United States v. Burns, 577 F.3d 887, 894 (8th Cir. 2009) (en banc) (quoting Williams, 474 F.3d at 1130-31). In Burns, we declared, "A district court would thus exceed the limited authority granted by § 3553(e) if it imposed a sentence below the statutory minimum based in part upon the history and characteristics of the defendant." Id. (citing 18 U.S.C. § 3553(a)(1)). Burns explained, "Gall [v. United States, 552 U.S. 38 (2007)] has not affected the limitations imposed by 18 U.S.C. § 3553(e) upon the district court's authority to impose a sentence below the statutory minimum," and the Supreme Court in Gall "said nothing that would indicate that district courts are not bound by the strictures set forth in § 3553(e)." Id.

Our review of the sentencing transcripts and the district court's sentencing memorandum convinces us the district court impermissibly considered the 18 U.S.C. § 3553(a) factors, rather than relying exclusively on assistance-related factors, in

arriving at a sentence 72 months below the statutory minimum.[1]  We therefore reverse and remand for resentencing consistent with this opinion.

_____

[1]The district court concluded its sentencing memorandum saying, "The Court is persuaded, after considering both the § 3553(a) factors and the Defendant's assistance to authorities, that a sentence of 108 months . . . is a sentence that is sufficient but not greater than necessary to effectuate the goals of sentencing in this case."  (Sentencing Memorandum and Order at 13, 15).