# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

Nos. 06-2284/2497

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee/Cross-Appellant, | * | |
| | * | Appeals from the United States |
| v. | * | District Court for the Northern |
| | * | District of Iowa. |
| Rodney Jay Jensen, | * | |
| | * | |
| Appellant/Cross-Appellee. | * | |

———————

Submitted: April 23, 2008
Filed: November 12, 2009

———————

Before COLLOTON and GRUENDER, Circuit Judges, and GOLDBERG,[1] Judge.

———————

COLLOTON, Circuit Judge.

The district court sentenced Rodney Jay Jensen to a term of 180 months' imprisonment after he was convicted of conspiracy to distribute 500 grams or more of methamphetamine and possession with intent to distribute 500 grams or more of methamphetamine. Jensen was subject to a mandatory term of life imprisonment under 21 U.S.C. §§ 841(b)(1)(A) and 851, but the government moved the district court, pursuant to USSG § 5K1.1 and 18 U.S.C. § 3553(e), to reduce the sentence

———————

[1]The Honorable Richard W. Goldberg, Judge, United States Court of International Trade, sitting by designation.

based on Jensen's provision of substantial assistance. The court imposed a sentence of 180 months' imprisonment, and both Jensen and the government appealed. We vacated the judgment of the district court, because the court impermissibly considered factors unrelated to Jensen's assistance in making a reduction under § 3553(e). We remanded for imposition of a sentence of 216 months' imprisonment, after rejecting the government's contention that the degree of reduction based solely on Jensen's assistance was unreasonable. *United States v. Jensen*, 493 F.3d 997 (8th Cir. 2007).

Jensen petitioned for a writ of certiorari. The Supreme Court granted the petition, vacated our judgment, and remanded the case for further consideration in light of *Gall v. United States*, 128 S. Ct. 586 (2007). *See Jensen v. United States*, 128 S. Ct. 1069 (2008). We asked the parties to file supplemental briefs, and both parties directed us to the following statement of the district court at Jensen's sentencing:

> And for the extent of the departure, I'm going to depart 40 percent for substantial assistance. Under existing Eighth Circuit law, I find what the defendant has done is not extraordinary for purposes of a 50 percent or greater departure. He did debrief. I am – and I am giving him credit for testimony in the grand jury, although the government did not give him credit. That would reflect some of the difference between the government's recommendation of 10 percent and my finding of 40 percent. I think what the defendant did here was about average in terms of what defendants do in cases. And so if the Eighth Circuit were to adopt a different approach than saying 50 percent is extraordinary and saying 50 percent is an average departure like I suggested in my recent decision in United States v. Saenz, then I would depart upward to 50 or even 55 percent, but I have to follow the law as it is, not the law as I wrote that I thought it should be. And so I think because this is not extraordinary it's entitled to a 40 percent departure, but because it's well within the average range and the average departure is 49.9 percent for a substantial assistance motion, if the circuit court changes their view, then I would have given at least a 50 percent departure.

(S. Tr. 28-29).

Jensen argues in his supplemental brief that the district court "relied on and was restricted by" this court's decision in *United States v. Dalton*, 404 F.3d 1029 (8th Cir. 2005), which held in the context of a substantial-assistance reduction that "[a]n extraordinary reduction must be supported by extraordinary circumstances," and cited *United States v. Enriquez*, 205 F.3d 345, 348 (8th Cir. 2000), for the proposition that a 50 percent downward departure, where the government recommended a 20 percent departure, was "an extraordinary sentence reduction." *Dalton*, 404 F.3d at 1033-34. *See United States v. Saenz*, 428 F.3d 1159, 1162 (8th Cir. 2005) (explaining that *Dalton* "cited favorably our observation elsewhere that a 50 percent downward departure was an 'extraordinary sentence reduction'") (citing *Dalton*, 404 F.3d at 1033, and *Enriquez*, 205 F.3d at 348); *see also United States v. Kendall*, 446 F.3d 782, 785 (8th Cir. 2006) (citing *Enriquez* and *Saenz*).

Jensen contends that "[t]he district court clearly would have reduced Jensen's sentence by more than 50 percent based on his substantial assistance in this case were it not for this Court's precedent requiring extraordinary circumstances." (Jensen Supp. Br. 3). He argues that the Supreme Court in *Gall* rejected an appellate rule that requires extraordinary circumstances to justify an extraordinary reduction, and rejected the use of "a rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence." *See Gall*, 128 S. Ct. at 594-95. Jensen urges this court to remand the case for the district court to resentence him in light of *Gall* and its rejection of an extraordinary circumstances rule.

The government, in its supplemental brief, contends that the district court's decision was correct based on then-existing Eighth Circuit precedent, but acknowledges that since then, the Supreme Court in *Gall* rejected use of an "extraordinary circumstances" requirement or "a rigid mathematical formula." The government concludes that "[t]he district court understandably erred in its substantial assistance departure decision when it believed that it lacked authority to depart by

50% or more," and that "the case should be remanded to the district court for reconsideration on this issue." (United States Supp. Br. 5).

We held this case pending a decision by the en banc court in *United States v. Burns*, 577 F.3d 887 (8th Cir. 2009) (en banc), concerning whether and how *Gall* should apply in the context of reductions under § 3553(e). The en banc court in *Burns* saw "no basis upon which to say that the Court's admonitions [in *Gall*] regarding the highly deferential view that appellate courts should take towards a district court's appraisal of the § 3553(a) factors should not also apply to the district court's findings and determinations regarding the five § 5K1.1 factors as it calculates the substantiality of the defendant's assistance when ruling on the government's motion for a reduction under § 3553(e)." 577 F.3d at 895. The court in *Burns* concluded that when considering the reasonableness of reductions under § 3553(e), as when evaluating variances under § 3553(a), the court of appeals must rule after "putting aside all notions of exceptional/extraordinary circumstances, departure percentages, proportionality review, and similar data-based standards of review." *Id*. at 896.[2]

We agree with the interpretation of the transcript of Jensen's sentencing hearing that is advanced by both parties. The record reflects that the district court believed that it lacked authority to reduce Jensen's sentence by fifty percent of the statutory minimum penalty unless Jensen's assistance was "extraordinary." *See Jensen I*, 493 F.3d at 1001 ("The court here determined that Jensen's assistance was not 'extraordinary' within the meaning of our cases, and that the reduction in sentence

---

[2]The en banc court also reaffirmed our decision in *United States v. Williams*, 474 F.3d 1130, 1131 (8th Cir. 2007), applied in *Jensen I*, 493 F.3d at 999, that a district court may not consider factors unrelated to assistance to justify a reduction under § 3553(e). *Burns*, 577 F.3d at 894. On remand, Jensen does not challenge this portion of *Jensen I* or seek a remand for consideration of factors unrelated to assistance. We reinstate our holding in *Jensen I* that the district court's reduction based on factors unrelated to assistance was impermissible.

should be less than fifty percent of a starting point expressed in a number of months."). As of May 2006, when Jensen was sentenced, the district court's understanding of circuit precedent was reasonable, at a minimum, in light of *Dalton* and *Saenz*. *See also United States v. Meyer*, 452 F.3d 998, 1001 (8th Cir. 2006) ("Meyer's sentence represented a fifty percent increase from his guidelines range. This is an extraordinary variance from the presumptive sentencing range."), *cert. denied*, 128 S. Ct. 2953 (2008). The decisions in *Gall* and *Burns* changed the law of the circuit and granted authority to the district courts that they lacked under our pre-*Gall* precedents, including the authority to make certain major reductions in the absence of extraordinary assistance. Accordingly, this case should be remanded for resentencing in light of *Gall* and *Burns*. *See Moore v. United States*, 129 S. Ct. 4, 5 (2008) (per curiam).[3]

The judgment of the district court is vacated, and the case is remanded for resentencing in light of *Gall* v. *United States*, 128 S. Ct. 586 (2007), and *United States v. Burns*, 577 F.3d 887 (8th Cir. 2009) (en banc). We express no view on how the district court, at resentencing, should exercise its discretion to evaluate Jensen's assistance or the reduction warranted by that assistance.

—————————————————————

[3]The panel majority in *United States v. Brunken*, 581 F.3d 635 (8th Cir. 2009), concluded that our opinion in *Jensen I* established that "a fifty percent departure (six levels)" would "almost certainly be affirmed," even in the absence of extraordinary assistance. *Id*. at 638 (citing *Jensen I*, 493 F.3d at 1001). *Jensen I* affirmed a reduction of six guideline ranges that adjusted the sentence from life imprisonment to 216 months (*i.e.*, forty percent, assuming the district court's equation of "life" with 360 months), while the district court's contemplated reduction of "fifty percent" (from life to 180 months) would require a reduction of eight guideline ranges. In any event, the district court in this case obviously sentenced Jensen before the decision in *Jensen I*, so *Brunken* is not controlling.