# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1065

_____

United States of America,

  Plaintiff - Appellee,

v.

Mark Steven Rublee,

  Defendant - Appellant.

     Appeal from the United States
     District Court for the
     District of Nebraska.

_____

Submitted: June 17, 2011
Filed: September 15, 2011

_____

Before LOKEN, BEAM, and SHEPHERD, Circuit Judges.

_____

LOKEN, Circuit Judge.

Mark Steven Rublee pleaded guilty to conspiracy to distribute 500 grams or more of methamphetamine. The district court[1] sentenced him to 132 months in prison, above the minimum sentence of 120 months mandated by 21 U.S.C. § 841(b)(1)(A). One year later, the court granted the Government's Rule 35(b) motion to reduce the sentence below the mandatory minimum to reflect Rublee's substantial assistance in providing information that led to the conviction of two other

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

persons.  See 18 U.S.C. § 3553(e); Fed. R. Crim. P. 35(b).  Rublee appeals the reduced 98-month sentence, arguing the district court improperly considered factors unrelated to the value of his assistance in declining to grant a further reduction. Concluding that the court did not exercise its Rule 35(b) discretion "in violation of law," 18 U.S.C. § 3742(a)(1), we dismiss the appeal for lack of jurisdiction.

Prior to the hearing on its Rule 35(b) motion, the Government moved to withdraw the motion because another inmate, Timothy Folden, reported that Rublee had urged Folden to provide false information so that Rublee could earn a greater reduction.  The hearing was continued.  Some weeks later the Government withdrew its motion to withdraw, explaining that further investigation revealed that Rublee had imprudently discussed cooperation with Folden but had not urged Folden to manufacture information or testimony.  However, the Government altered its Rule 35(b) sentencing recommendation because, in its view, Rublee had "undermined his own credibility" and may have damaged Folden's credibility as well by discussing cooperation with Folden.  Instead of urging a reduction from 132 to 84 months, the government recommended  a sentence of "not less than 120 months."

At the hearing, the district court observed that conversations between cooperating witnesses often lead to credibility issues that can "essentially nullify a government cooperator," and thus "a rational person would know that talking about your business with the government is inappropriate."  Counsel for Rublee urged an 84-month sentence, arguing that if his assistance was worth a thirty-five percent sentence reduction when the Rule 35(b) motion was made, "it's worth 35 percent now."  The Government adhered to its recommendation of 120 months.  The district court granted the Rule 35(b) motion and reduced Rublee's sentence to 98 months, explaining to Rublee's attorney, "I gave your guy a little bit for making a boneheaded mistake in the jail."  Rublee argues on appeal that his conversation with Folden had nothing to do with the value of his cooperation and should not have affected the extent to which his sentence was reduced.

The Sentencing Reform Act expanded but carefully limited our appellate jurisdiction to review criminal sentences. Either the government or the defendant may appeal a final sentence if it was imposed "in violation of law," or "as a result of an incorrect application of the sentencing guidelines," or "for an offense for which there is no sentencing guideline and is plainly unreasonable." 18 U.S.C. § 3742(a)(1), (2), (4); 18 U.S.C. § 3742(b)(1), (2), and (4). Unless one of those provisions applies, however, only the Government may appeal a sentence if it "is less than the sentence specified in the applicable guideline range," § 3742(b)(3), and only the defendant may appeal if the sentence "is greater than the sentence specified in the applicable guideline range," § 3742(a)(3).

Prior to the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), that made the Sentencing Guidelines advisory, every circuit held that it lacked jurisdiction if the ground for a defendant's appeal was an abuse of discretion in refusing or limiting a downward departure. The Supreme Court agreed. See United States v. Ruiz, 536 U.S. 622, 627-28 (2002), and the circuit cases cited. We applied that principle to discretionary Rule 35(b) sentence reductions, as well as to downward departures under the Guidelines. See United States v. Sykes, 356 F.3d 863, 864-65 (8th Cir. 2004). Following the decision in Booker, we held that we still lacked jurisdiction to hear a defendant's appeal of a discretionary Rule 35(b) sentence reduction because Booker "did not expand the situations in which a defendant may appeal a sentence under 18 U.S.C. § 3742(a) to include discretionary sentencing reductions." United States v. Haskins, 479 F.3d 955, 957 (8th Cir. 2007), quoting United States v. McKnight, 448 F.3d 237, 238 (3d Cir.), cert. denied, 549 U.S. 851 (2006). We again applied that principle in United States v. Williams, 590 F.3d 579, 580-81 (8th Cir. 2009).

In contending that the district court abused its discretion in not granting a greater Rule 35(b) reduction, Rublee ignores this principle, apparently relying on the fact that we reviewed a Rule 35(b) reduction for abuse of discretion in United States

v. Burns, 577 F.3d 887, 894-96 (8th Cir. 2009) (en banc). But Burns was an appeal by the Government of a below-Guidelines sentence, an appeal that was clearly authorized by § 3742(b)(3), so no discussion of our appellate jurisdiction was required. Our statement in Burns that we "review all sentences . . . under a deferential abuse-of-discretion standard," including "the substantiality of the defendant's assistance when ruling on the government's motion for a reduction under § 3553(e)," id. at 895, must be read as being limited to cases in which appellate jurisdiction exists under either § 3742(a) or § 3742(b).

Of greater relevance to the issue in this case is our decision in United States v. Jensen, 586 F.3d 620, 623 (8th Cir. 2009), because in Jensen both the government and the defendant appealed a Rule 35(b) sentence reduction, and we remanded for further consideration of the defendant's contention that a greater reduction was warranted. But our ground for remanding -- that the district court concluded that it *lacked authority* to grant a greater reduction -- was a contention that the sentence was imposed "in violation of law." Just as we have always had jurisdiction under § 3742(a)(1) and (2) to review a district court's ruling that it lacked authority to grant a downward departure under the Guidelines, we plainly had jurisdiction under § 3742(a)(1) to review in Jensen the extent of the district court's authority to reduce a sentence under 18 U.S.C. § 3553(e) and Rule 35(b). So again, as in Burns, appellate jurisdiction was not an issue in Jensen.

The governing jurisdictional principle can be readily derived from these cases: If we have jurisdiction over a sentencing appeal under § 3742(a) or § 3742(b), we review the extent of a Rule 35(b) sentence reduction for abuse of discretion, as in Burns and in Jensen. But if the issue on appeal is whether the district court abused its discretion in granting or denying a Rule 35(b) motion, or in determining the extent of a sentence reduction, only the government may appeal under § 3742(b)(3). If the defendant appeals, he must establish that the sentence was imposed "in violation of law" to confer appellate jurisdiction under § 3742(a)(1).

-4-

Rublee argues that, in reducing his sentence to 98 months, the district court improperly considered a factor unrelated to the value of Rublee's assistance. This *alleges* an error of law, much like the error that prompted our remand in <u>Jensen</u>. We must consider whether for this reason the sentence was imposed "in violation of law" in order to determine whether we have appellate jurisdiction, just as the Supreme Court did in <u>Ruiz</u>, 536 U.S. at 627. And as in <u>Ruiz</u>, we conclude there was no error of law and therefore dismiss the appeal for lack of jurisdiction.[2]

As Rublee notes, "a reduction in sentence based on § 3553(e) may be based only on assistance-related considerations." <u>United States v. Williams</u>, 474 F.3d 1130, 1131 (8th Cir. 2007); <u>accord</u> <u>Burns</u>, 577 F.3d at 894; <u>Jensen</u>, 586 F.3d at 623 n.2. Likewise, the Government, in deciding whether to bring a Rule 35(b) motion, must consider reasons related only to the defendant's substantial assistance. <u>United States v. Anzalone</u>, 148 F.3d 940, 941 (8th Cir. 1998). However, as in this case, the Government may make a Rule 35(b) motion based on the defendant's substantial assistance and then "advise the sentencing court if there are unrelated factors . . . that in the government's view should preclude or severely restrict any downward departure relief," in which case the district court "may of course weigh such alleged conduct in exercising its downward departure discretion." <u>Anzalone</u>, 148 F.3d at 942. If the court decides to grant the Rule 35(b) motion, its decision to *limit* the § 3553(e) reduction, as opposed to extending it further downward, need not be based only on factors related to the assistance provided.

---

[2]We acknowledge some tension between this jurisdictional principle and the Supreme Court's opening statement in <u>Rita v. United States</u>, 551 U.S. 338, 341(2007): "The federal courts of appeals review federal sentences and set aside those they find 'unreasonable.'" <u>See generally</u> <u>United States v. Cooper</u>, 437 F.3d 324, 328 & n.5 (3d Cir. 2006). But the Supreme Court has not discussed the parameters of § 3742(a) jurisdiction since stating in <u>Booker</u> that § 3742(a) "continues to provide for appeals from sentencing decisions." 543 U.S. at 260. Nor has the Court expressly overruled its application of § 3742(a)(1) in <u>Ruiz</u>. Thus, <u>Ruiz</u> and our prior decisions in <u>Haskins</u> and <u>Williams</u> are controlling.

In this case, the district court at sentencing noted that Rublee's "boneheaded mistake" of speaking to Folden about cooperation may have compromised the future value of Rublee's substantial assistance. Applying <u>Anzalone</u>, we need not decide whether this consideration was related in any appreciable way to Rublee's substantial assistance. Because the court had authority to *limit* the Rule 35(b) reduction to 98 months, instead of 84 months, based on factors unrelated to the substantial assistance Rublee provided, his sentence was not imposed "in violation of law" even if based on an unrelated factor. Therefore, we lack jurisdiction under § 3742(a) to consider the broader abuse-of-discretion issue he also seeks to raise.

The appeal is dismissed for lack of jurisdiction.

_____