# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3364

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Antonio Amilcar Velasquez, also | * | |
| known as Antonio Velasquez | * | |
| Mazariegos, also known as Pony, | * | [UNPUBLISHED] |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: April 16, 2012
Filed: April 25, 2012

_____

Before BYE, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Antonio Velasquez pleaded guilty to conspiracy to distribute methamphetamine and was sentenced to 121 months' imprisonment. After Velasquez cooperated with law enforcement, the government filed a Rule 35(b) motion to reduce Velasquez's sentence to 108 months. The district court[1] granted the government's motion and reduced Velasquez's sentence to 84 months. Velasquez appeals the reduction,

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

contending the court should have reduced his sentence to 60 months. We dismiss for lack of jurisdiction.

Most typically, when a defendant appeals the extent of a Rule 35(b) sentence reduction "he must establish that the sentence was imposed 'in violation of law' to confer appellate jurisdiction[.]" United States v. Rublee, 655 F.3d 835, 838 (8th Cir. 2011) (quoting 18 U.S.C. § 3742(a)(1)). Velasquez contends the district court imposed a sentence "in violation of law" when it considered an uncontested fact from his presentence investigation report ("PSR") that Velasquez claims was unrelated to the value of his assistance—a fact indicating Velasquez may have urged a potential witness against him to misconstrue facts if questioned. We disagree.

First, it is debatable whether this fact was unrelated to Velasquez's assistance since it bore upon his credibility and usefulness as a government informant. Second, even assuming the incident was unrelated, as we explained in Rublee, a court may consider factors unrelated to the defendant's substantial assistance when exercising its discretion to limit a sentence reduction. 655 F.3d at 839 ("Because the court had authority to *limit* the Rule 35(b) reduction . . . based on factors unrelated to the substantial assistance [the defendant] provided, his sentence was not imposed 'in violation of law' even if based on an unrelated factor."). Moreover, even if the district court's refusal to depart further was based on consideration of this portion of Velasquez's PSR—a portion to which Velasquez failed to timely object—such refusal did not amount to an "unconstitutional motive" warranting our review. See United States v. Sykes, 356 F.3d 863, 865 (8th Cir. 2004) ("Absent an unconstitutional motive, the extent to which a district court exercises its discretionary authority to depart downward [based on a Rule 35(b) motion] is not subject to review."); see also West v. United States, 994 F.2d 510, 512 (8th Cir. 1993) ("Assuming that some of the information contained in the PSR was false, a defendant is not deprived of due process when sentenced on the basis of such information as long as the defendant was afforded an adequate opportunity to challenge the information.") (internal quotation

marks and citation omitted). Accordingly, we lack jurisdiction to consider Velasquez's contention the court abused its discretion by failing to further reduce his sentence.

We dismiss the appeal for lack of jurisdiction.

_____