# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1377

_____

United States of America

*Plaintiff - Appellee*

v.

Alonzo David Conway

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: December 20, 2013
Filed: March 20, 2014
[Unpublished]

_____

Before MURPHY, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

Alonzo David Conway pleaded guilty pursuant to a plea agreement to conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). According to the plea agreement, Conway's offense carried a mandatory minimum sentence of life

imprisonment. The district court[1] sentenced Conway to life imprisonment. Approximately three years after Conway's sentencing, the government moved under Federal Rule of Criminal Procedure 35(b) to reduce his sentence because of his substantial assistance to the government. The court reduced Conway's sentence from life imprisonment to 280 months' imprisonment. On appeal, Conway argues that the district court erred when it reduced his sentence pursuant to Rule 35(b) without considering the effect that the Fair Sentencing Act of 2010 (FSA) would have had on his sentence had the law been in effect at the time the court initially sentenced him. We affirm.

I. *Background*

On June 10, 2009, Conway was charged with conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). The government subsequently filed an enhancement information and notice of prior conviction, identifying four prior felony drug convictions that Conway had committed; the government intended to rely upon these convictions to enhance Conway's sentence. Conway pleaded guilty pursuant to a plea agreement to the charge. The plea agreement provided that Conway's offense carried a mandatory minimum sentence of life imprisonment because of Conway's prior felony drug convictions. On February 24, 2010, the district court accepted the plea agreement and imposed a sentence of life imprisonment. Conway did not appeal.

On January 3, 2013, the government filed a motion pursuant to Federal Rule of Criminal Procedure 35(b) to reduce Conway's life sentence based on Conway's "substantial assistance in the investigation and prosecution of other individuals who have committed criminal offenses." Specifically, Conway had provided in-court testimony against his brother and a coconspirator. Conway replied to the motion,

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

asking the district court to consider the change in the law resulting from the passage of the FSA, apply that law retroactively to his case, and give him the benefit of the change.

On February 1, 2013, the district court held a hearing to address the Rule 35(b) motion. At the hearing, Conway noted that he would have faced a mandatory minimum sentence of ten years' imprisonment instead of life if he had been sentenced after the FSA became law. Conway argued that this is "a factor" to achieve "fairness" and that the district court should consider the change in the law in deciding the amount of reduction Conway should receive for providing substantial assistance to the government.

In granting the government's Rule 35(b) motion, the district court explained:

In determining the extent of th[e] departure, I have considered the significance, usefulness, nature, and extent of the defendant's assistance.

I did hear Mr. Conway's testimony at the trial of his brother and the two others and I think it is the first time in my life I have seen a brother testify against a brother, maybe it isn't, but others—I don't remember another one. In fact, I don't recall ever seeing an immediate family member testify against any other immediate family. I could be wrong about that.

As I saw him testify, I heard his testimony, I was struck that I didn't believe that Mr. Conway had a chance of acquittal after it. Mr. Anthony Conway's reaction to Alonzo Conway's testimony was also dramatic in front of the jury and I do understand that it was limited in time and that he wasn't able to assist the government with every aspect of that prosecution.

I have considered the truthfulness and completeness and the reliability of the testimony and the extent to which the government says

-3-

that he somewhat minimized the drug quantity information. I have considered the extent to which anybody put in this position with respect to defendants that he testified against would be placed at the—at a minimum for the potential of some risk of harm and I have considered the timeliness of it.

After considering all those factors, I conclude that a life sentence is 405 months. I have been consistent in starting at the 405-month level. I still think that is the right place to start and reduce it accordingly pursuant to the factors that I have identified, for substantial assistance. I think the law is very clear on that that the Court has no authority beyond that to reduce his sentence under these circumstances and so his sentence of life imprisonment is hereby reduced to 280 months. All other terms and conditions of the sentence previously imposed herein shall remain in full force and effect. Only the term of incarceration has been reduced.

## II. *Discussion*

On appeal, Conway asserts that (1) the district court's grant of the government's motion for substantial assistance is subject to appellate review, and (2) the district court erred in not considering the effect that the FSA would have had on his sentence had the law been in effect at the time that the court initially sentenced him.

We "lack[ ] jurisdiction if the ground for a defendant's appeal [is] an abuse of discretion in refusing or limiting a downward departure" "to discretionary Rule 35(b) sentence reductions." *United States v. Rublee*, 655 F.3d 835, 837 (8th Cir. 2011). "If we have jurisdiction over a sentencing appeal under [18 U.S.C.] § 3742(a) or § 3742(b), we review the extent of a Rule 35(b) sentence reduction for abuse of discretion"; however, only the government is permitted to appeal under § 3742(b)(3) the issue of "whether the district court abused its discretion in granting or denying a Rule 35(b) motion, or in determining the extent of a sentence reduction." *Id*. at 838. Relevant to the present case, "[i]f the defendant appeals, he must establish that the

sentence was imposed 'in violation of law' to confer appellate jurisdiction under § 3742(a)(1)." *Id*.

"'[A] reduction in sentence based on § 3553(e) may be based only on assistance-related considerations.'" *Id*. at 839 (quoting *United States v. Williams*, 474 F.3d 1130, 1131 (8th Cir. 2007)). When determining whether to bring a Rule 35(b) motion, the government "must consider reasons related only to the defendant's substantial assistance." *Id*. (citing *United States v. Anzalone*, 148 F.3d 940, 941 (8th Cir. 1998)). Once the government "make[s] a Rule 35(b) motion based on the defendant's substantial assistance," it may

> then "advise the sentencing court if there are unrelated factors . . . that in the government's view should preclude or severely restrict any downward departure relief," in which case the district court "may of course weigh such alleged conduct in exercising its downward departure discretion." *Anzalone*, 148 F.3d at 942. If the court decides to grant the Rule 35(b) motion, its decision to *limit* the § 3553(e) reduction, *as opposed to extending it further downward*, need not be based only on factors related to the assistance provided.

*Id*. (second emphasis added).

Here, Conway alleges that the district court imposed his sentence in violation of the law by not considering the effect of the FSA in reducing Conway's sentence for substantial assistance. "In *Dorsey* [*v. United States*, 132 S. Ct. 2321 (2012)], the Supreme Court held that the Fair Sentencing Act's 'more lenient penalty provisions apply to offenders who committed a crack cocaine crime before August 3, 2010, but were not sentenced until after August 3.'" *United States v. Reeves*, 717 F.3d 647, 650 (8th Cir. 2013) (quoting *Dorsey*, 132 S. Ct. at 2326). Conway was sentenced in February 2009, well before the passage of the FSA.

In *Rublee*, we explained that the district court may weigh factors unrelated to substantial assistance in *limiting* the § 3553(e) reduction. 655 F.3d at 839. By contrast, Conway is arguing that the district court should have "extended [the reduction] further downward" based on factors unrelated to his substantial assistance. *See id*. As Conway recognizes, the district court considered only factors related to his substantial assistance to the government in reducing his sentence from life imprisonment to 280 months' imprisonment. The district court's determination of the extent of the reduction did not violate the law; therefore, we lack jurisdiction. Because we lack jurisdiction, we do not consider Conway's second point on appeal.

## III. *Conclusion*

Based on the foregoing, we dismiss this appeal for lack of jurisdiction.

_____