# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2346
_____

United States of America,

*Plaintiff - Appellant,*

v.

Michael Anthony Eckis,

*Defendant - Appellee.*
_____

Appeal from United States District Court
for the District of North Dakota - Western
_____

Submitted: February 16, 2023
Filed: August 18, 2023
[Unpublished]
_____

Before COLLOTON, BENTON, and KELLY, Circuit Judges.
_____

PER CURIAM.

After Michael Eckis pleaded guilty to one count of conspiracy to distribute methamphetamine, the government moved under USSG § 5K1.1 and 18 U.S.C. § 3553(e) to reduce his sentence based on the provision of substantial assistance in the investigation or prosecution of another person who committed an offense. The

district court granted the motions and reduced the sentence from a statutory minimum term of 120 months' imprisonment to ten months of time served. The government appeals, arguing that the district court improperly relied on factors unrelated to Eckis's assistance when it determined the extent of the reduction. We remand for further explanation and resentencing.

In September 2020, a grand jury charged Eckis with conspiracy to distribute 500 grams or more of methamphetamine. The statutory minimum punishment for that offense is 120 months' imprisonment. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846.

A magistrate judge ordered Eckis detained pending trial in October 2020, but eventually ordered him released on conditions in April 2021. In June 2021, Eckis proffered a guilty plea to the drug charge pursuant to a plea agreement. The district court deferred acceptance of Eckis's guilty plea until sentencing, and continued Eckis's pretrial release.

The probation office prepared a presentence report and recommended a guideline range of 140 to 175 months' imprisonment, based on a total offense level of 29 and a criminal history category V. At sentencing, the parties jointly moved for a downward variance to a guideline range of 120 to 150 months' imprisonment. In support of the motion for variance, the government cited a mistaken expectation of the parties in the non-binding plea agreement that the guideline range would be lower than what the evidence ultimately warranted. The propriety of a variance on that basis is not before us on appeal. *Cf.* USSG § 6B1.4, comment.

The government also moved under USSG § 5K1.1 and 18 U.S.C. § 3553(e) to reduce Eckis's sentence based on the provision of substantial assistance to the government in investigating and prosecuting another person involved in drug trafficking. A motion under § 5K1.1 authorizes the district court to depart below the applicable advisory guideline range, and a motion under § 3553(e) permits the court

to impose a sentence below a statutory minimum. *See Melendez v. United States*, 518 U.S. 120, 128-29 (1996). A court may consider only factors relating to the defendant's assistance in reducing a sentence below the statutory minimum. *United States v. Johnson*, 517 F.3d 1020, 1023 (8th Cir. 2008).

The district court held a sentencing hearing in October 2021. The government asked the court to grant its substantial-assistance motions, and recommended a reduction of Eckis's sentence from the statutory minimum of 120 months to 72 months' imprisonment. Eckis requested a sentence of time served, and spoke with the district court about his performance on pretrial release, including his rehabilitation, employment, and sobriety.

The court then continued the sentencing for six months. The court told Eckis that "[h]ad I seen you six months ago or a year ago, I would have sentenced you to federal prison without even losing an ounce of sleep over it." But at this hearing in October 2021, the court said, "I want to give you a little more chance to prove to me and to everybody else that you can indeed live a sober, law-abiding lifestyle." The court further stated: "If we come back in six months . . . and you have continued to do well and you're doing all the positive things that you've been doing to date, then I'm going to give you a break. I'm not going to send you to federal prison."

The district court held a second sentencing hearing in May 2022. The government reiterated its recommendation that the court should reduce Eckis's sentence to 72 months, and suggested to the court that any reduction below the statutory minimum must be based on Eckis's assistance. The government explained that Eckis's assistance was "slightly better than average," and recounted that he participated in a pre-indictment proffer interview that allowed the government to charge his co-codefendant. Eckis repeated his request for a sentence of time served based on his assistance, and stated that he had "done everything that the Court has

asked of him" since the October 2021 hearing. The court asked Eckis about his conduct on release, including his employment, housing, and recreational activities.

After calculating an advisory guideline range of 140 to 175 months, the court varied downward to a range of 120 to 150 months based on "what was contemplated in the Plea Agreement." The court determined that Eckis was subject to a ten-year statutory minimum sentence, and acknowledged that the court could consider only assistance-related factors in granting a reduction below the statutory minimum.

The court then reduced Eckis's sentence to ten months of time served. The court cited Eckis's pre-indictment proffer interview that enabled the government to charge his co-defendant, and observed that "sentencing judges are certainly free to assess the defendant's level of cooperation differently than what the government might recommend." In commenting on Eckis's successful performance on pretrial release, the court stated that "[h]ad I seen Mr. Eckis a year-and-a-half ago, I would have sent him to federal prison without hesitation."

On appeal, the government argues that the district court considered impermissible factors in determining the extent to which Eckis's sentence should be reduced below the statutory minimum. When a district court sentences below a statutory minimum under § 3553(e), the court "may consider *only* factors related to the defendant's substantial assistance to the Government." *United States v. Billue*, 576 F.3d 898, 902 (8th Cir. 2009). The court may not rely on the general sentencing factors in 18 U.S.C. § 3553(a) to reduce a sentence further. *Id*. at 902-03. "If a district court imposes a sentence below the statutory minimum in part so as to reflect the history and characteristics of the defendant, then the court exceeds the limited authority granted by § 3553(e)." *United States v. Williams*, 474 F.3d 1130, 1132 (8th Cir. 2007) (citation omitted).

The most natural inference from the record is that the district court relied on factors other than Eckis's assistance to the government when it reduced the ten-year statutory minimum to time served. Three aspects of the record lead to this conclusion. First, at both sentencing hearings, the court said that it would not have hesitated to sentence Eckis to a term of imprisonment if the sentencing had occurred in October 2020. Yet there is no indication in the record that the value of Eckis's assistance to the government changed after his proffer interview in July 2020, so the court's statements suggest that the decision to eschew a term of imprisonment was based on the defendant's performance on pretrial release rather than his assistance. Second, the court said at the October 2021 hearing that it would not sentence Eckis to prison if he continued to behave well on pretrial release until the next hearing in May 2022. That the decision about the term of imprisonment apparently turned on Eckis's performance on pretrial release for six months suggests that it was not the degree of the defendant's assistance that accounted entirely for the reduction from 120 months to time served. Third, the court's written statement of reasons explains that the court found "that a sentence of time served is sufficient but not greater than necessary under the circumstances after a careful consideration of all the factors set forth in Section 5K1.1 of the Sentencing Guidelines." In light of the previous comments during the hearings, this written explanation suggests that the court may impermissibly have blended the "sufficient but not greater than necessary" standard under 18 U.S.C. § 3553(a) with considerations of Eckis's substantial assistance under § 3553(e). *Cf. United States v. Madison*, 585 F.3d 412, 413 n.1 (8th Cir. 2009).

We acknowledge the district court's statement that it was "fully cognizant" of the requirement that a reduction below the statutory minimum under § 3553(e) must be based on assistance alone. But this comment came six months after the court had assured Eckis on the record that he would not go to prison if he performed well on pretrial release. That assurance was appropriate under § 3553(e) only if the full reduction was tethered to Eckis's substantial assistance, but the discussion at the first hearing focused on whether Eckis could prove his ability to live "a sober, law-abiding

-5-

lifestyle." Although a court may consider factors other than assistance in deciding whether to *limit* a reduction that would otherwise be justified by assistance, *United States v. Rublee*, 655 F.3d 835, 839 (8th Cir. 2011), the record here suggests that considerations other than substantial assistance may have influenced the court's decision to grant a ninety-percent reduction from the statutory minimum. The court's brief discussion of Eckis's cooperation does not elucidate why the court believed that his assistance warranted the sizeable reduction that was awarded. Therefore, given the lack of clarity about the basis for the reduction, we vacate the sentence and remand for further explanation and resentencing. *See United States v. Peterson*, 455 F.3d 834, 837-38 (8th Cir. 2006).

KELLY, Circuit Judge, concurring in the judgment.

The court remands this case for "further explanation," and I concur because I see no harm in doing so. But I write separately because it is worth providing a bit more context to the district court's comments. At the October 2021 hearing, the government lodged no objection when the district court said it was going to continue the hearing for six months to "give [Eckis] a little more chance to prove . . . that [he] can indeed live a sober, law-abiding lifestyle." See Rublee, 655 F.3d at 839 (holding that a sentencing court may *limit* a substantial assistance reduction based on factors unrelated to substantial assistance). It would not be unreasonable for the district court, and Eckis, to have understood the government's position to be that a time-served sentence was acceptable, so long as Eckis did not engage in conduct in the ensuing six months that would warrant "limiting" the extent of the substantial assistance reduction he was to receive. See id. Yet, even though Eckis did not engage in such conduct, the government changed tack and, at the May 2022 hearing, challenged the time-served sentence and raised concerns for the first time about the possibility that the district court was considering non-assistance-related factors in sentencing Eckis.

Against this backdrop, the district court expressly stated that it was "only allowed to consider sentencing factors under [§] 5K1.1" in reducing the sentence below the statutory minimum. And in accordance with that statement, the district court weighed Eckis's substantial assistance. The reduction was substantially lower than what the government recommended, but the court explained that it simply saw "the level of cooperation differently than the federal government in this case." The district court emphasized that it was "fully cognizant of the fact that [it is] not allowed to consider the [§] 3553(a) factors in determining a sentence that falls below the mandatory minimum," and I would take the court at its word. See United States v. Trung Dang, 907 F.3d 561, 565 (8th Cir. 2018) (noting that this court presumes "that district judges know the law, especially when it comes to clear rules in the area of criminal sentencing" (quotations and citation omitted)); United States v. Gant, 663 F.3d 1023, 1030 (8th Cir. 2011) ("We presume that district judges know the law and apply it when making their decisions.").

_____