[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 05-14169
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 8, 2006
THOMAS K. KAHN
CLERK

D.C. Docket No. 99-00319-CR-FAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUS ANTHONY TURNER,

Defendant-Appellant.

----------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
----------------------------------------

**(June 8, 2006)**

Before EDMONDSON, Chief Judge, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Gus Anthony Turner, proceeding pro se, appeals the denial of his

motion for specific performance of an alleged cooperation agreement between the

government and his nephew pursuant to which Turner claims the government was obligated to seek a sentence reduction on Turner's behalf. No reversible error has been shown; we affirm.

Turner was convicted of a drug trafficking offense in the Southern District of Florida and sentenced to 180 months' imprisonment. According to Turner, the United States Attorney's Office for the Middle District of Florida entered into a third-party cooperation agreement with Turner's nephew, Glenn Schofield, pursuant to which Schofield was to render substantial assistance to law enforcement and, in return, authorities in the United States Attorney's Office for the Middle District of Florida would recommend that authorities in the United States Attorney's Office for the Southern District of Florida seek a sentence reduction for Turner. By Turner's account, Schofield provided substantial assistance and placed himself and his family in great danger to do so; the promised sentence reduction recommendation was not forthcoming.

Even if we were to accept Turner's claim that a defendant can receive a substantial assistance reduction based on the assistance of another person, that such an agreement existed, and that his nephew performed under that agreement (much of which is disputed by the government), Turner's motion for specific performance was due to be denied.

Post-sentencing, Fed.R.Crim.P. 35 allows the district court, upon motion of the government, to reduce a defendant's sentence based on substantial assistance rendered in investigating or prosecuting another person.  See Fed.R.Crim.P. 35(b).  Rule 35 empowers the district court to reduce a defendant's sentence upon motion of the government when a defendant provides substantial assistance; Rule 35 imposes no duty upon the government to so move.  See Wade v. United States, 112 S.Ct. 1840, 1843 (1992) (concluding, in the analogous context of a section 5K1.1 sentencing motion, that limitation on court's authority gives prosecutor the power to file a substantial assistance motion but imposes no duty to so file).  So, as a general rule, courts can not interfere with the prosecutor's discretionary decision on whether to file a Rule 35 motion.  See United States v. Forney, 9 F.3d 1492, 1501 (11th Cir. 1998).  Limited exception applies when a court determines that the refusal to file a Rule 35 motion was based on an unconstitutional motive, such as race or religion.  Wade, 112 S.Ct. at 1843-44; Forney, 9 F.3d at 1502.

The claimed substantial assistance agreement between the United States Attorney's Office for the Middle District of Florida and Turner's nephew was, according to Turner, based upon Turner's original plea agreement.  In that agreement, the prosecutor reserved to itself the right to make an unreviewable determination about whether Turner provided substantial assistance and, if so,

whether it warranted a substantial assistance motion. Even if we were to accept that a third-party agreement obligated consideration of a Rule 35(b) motion, no non-discretionary obligation to file a substantial assistance motion was created. Absent a showing of an unconstitutional motive (and no unconstitutional motive was alleged), Turner was entitled to no relief; the district court was without power to compel the filing of a Rule 35 motion.

AFFIRMED.