**UNITED STATES of America**

v.

**Roland Laverne LOTT.**

**Case No. 3:06–cr–63–J–25TEM.**

United States District Court,
M.D. Florida,
Jacksonville Division.

Oct. 27, 2011.

Frank Merrill Talbot, II, U.S. Attorney's Office, Jacksonville, FL, for United States of America.

Roland Laverne Lott, Marianna, FL, pro se.

## ORDER

HENRY LEE ADAMS, JR., District Judge.

Before the Court is the Magistrate Judge's Report and Recommendation dated June 14, 2011 (Dkt. 84) recommending that Defendant's *pro se* Motion to Compel the Government to file a Rule 35(b) motion (Dkt. 81), and Motion for Subpoena Pursuant to F.R.Crim.P. § 17(a), (b), (c) (Dkt. 82) be denied. All parties previously have been furnished copies of the Report and Recommendation and have been afforded an opportunity to file objections. Defendant's Objection was filed June 29, 2011 (Dkt. 87).

Upon consideration of the Report and Recommendation of the Magistrate Judge, Defendant's Objection thereto, and upon this Court's review of the record, the Court finds that the Report and Recommendation should be adopted. Accordingly, it is,

**ORDERED AND ADJUDGED** that:

1. Defendant's objection (Dkt. 87) is **overruled.**

2. The Magistrate Judge's Report and Recommendation (Dkt. 84) is adopted and incorporated by reference in this Order.

3. Defendant's Motion to Compel (Dkt. 81) and Motion for Subpoena Pursuant to F.R.Crim.P. § 17(a), (b), (c) (Dkt. 82) are **DENIED.**

4. Defendant's Motion for Writ of Mandamus (Dkt. 85) and Motion to Expedite Ruling on Motion to Compel (Dkt. 89) are **DENIED as moot.**

## REPORT AND RECOMMENDATION [1]

THOMAS E. MORRIS, United States Magistrate Judge.

This case is before the Court on Defendant Roland Laverne Lott's (hereinafter referred to as "Petitioner" or "Lott") Motion to Compel (Doc. # 81), filed on May 13, 2011. In the Motion to Compel, Lott requests the Court order the United States to move for a reduction of sentence based on substantial assistance. The United States has filed a Response in Opposition to the Motion to Compel (Doc. # 83). The Motion to Compel and a motion for a Rule 17 subpoena (Doc. # 82), also filed by Petitioner Lott, have been referred to the undersigned for consideration and recommendation to the District Court.

Petitioner claims assistance has been provided to the government on his behalf. He alleges that a cousin called a federal agent and promised to assist in locating a fugitive if the agent gave assurance that Petitioner would receive credit for the assistance under Rule 35(b), Fed.R.Crim.P. (*see* Doc. # 81). Petitioner claims that after talking with his cousin, the agent spoke with his supervisor and an assistant

---

1. Within fourteen (14) days after service of this document, specific, written objections may be filed in accordance with 28 U.S.C. § 636, Rule 59, Federal Rules of Criminal Procedure, and Rule 6.02, Local Rules, United States District Court, Middle District of Florida. Failure to file a timely objection waives a party's right to review. Fed.R.Crim.P. 59.

United States Attorney and obtained the approval. Petitioner further claims that the fugitive was captured as a result of the information his cousin provided, but the government has failed to file the motion as agreed (Doc. # 81).

The United States acknowledges that someone identifying himself as Petitioner's cousin did provide information leading to an arrest, but denies that there was any promise by the United States that third-party cooperation would result in a Rule 35 motion. Further, the United States asserts that the assistance provided was of such a "minimal nature" that a Rule 35 would not be warranted. Beyond the nature of the assistance, however, the United States asserts that Rule 35(b) requires any qualifying assistance be provided by the actual defendant, not family members or other third parties.

### Analysis

The Supreme Court has held that a district court has authority to review a refusal to file a substantial-assistance motion if it finds the refusal was based on an unconstitutional motive, such as race or religion. *Wade v. United States*, 504 U.S. 181, 186, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992). The Court found that Title 18, U.S.C. Section 3553(e) and Section 5K1.1 of the Sentencing Guidelines provide the United States the power to file a substantial assistance motion, but not a duty to do so. *Id.* at 185, 112 S.Ct. 1840. In this case, Defendant has already benefitted from a substantial assistance motion filed by the United States (Doc. # 60), under which the Court granted a reduction of sentence from 180 months to 100 months (Doc. # 75).

In accordance with *Wade*, a claim that a defendant provided substantial assistance "will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing," nor would "generalized allegations of improper motive." *Id.* at 186, 112 S.Ct. 1840. Upon due consideration of Lott's request, the Court finds the Petitioner's Motion to Compel (Doc. # 81) must be **DENIED.**

First, under *Wade*, there must be an allegation of an unconstitutional motive that has stopped the United States from filing the substantial assistance motion. Petitioner does not cite such a claim. He argues, however, the United States has no "rationally related reason to any legitimate" governmental interest or objective to deny his request (Doc. # 81 at 1). To the extent *Wade* may be read to allow claims on a "not rationally related end" basis,[2] Petitioner still cannot prevail. The United States takes the position that assistance solely from a third party is not ground for a Rule 35(b) motion, but even if it were, the assistance in this case was minimal and would not justify the motion sought by Petitioner Lott.

In reviewing the case law, the Court finds the facts of this case are similar to those in *United States v. Turner*, 183 Fed. Appx. 877 (11th Cir.2006).[3] In *Turner*, the

---

**2.** In *Wade*, the United States conceded in argument that the defendant would be entitled to relief if the prosecutor's refusal to move was not rationally related to any legitimate government end. *Wade*, 504 U.S. at 186, 112 S.Ct. 1840. The Court found, however, that merely showing assistance is not a sufficient reason for granting relief; the government's decision may be based on "its rational assessment of the cost and benefit that would flow from moving." *Id.* at 187, 112 S.Ct. 1840.

**3.** Unpublished opinions may be cited throughout this report and recommendation as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R.App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36–2.

defendant claimed the United States Attorney's office entered into an agreement that a nephew would render substantial assistance in exchange for a recommendation of a sentencing reduction for Turner. The appellate court held the district court lacked power to compel the United States to file a Rule 35 motion. *Id.* The court noted, without deciding, that even if a third-party agreement could qualify for substantial assistance for a defendant, no non-discretionary obligation to file such a motion was created.[4] The United States Attorney's office has the power, but no duty, to file such a motion, and "as a general rule courts can not interfere with the prosecutor's discretionary decision...." *Id.* The court noted a limited exception occurs when a court finds the refusal to file a motion is based on an unconstitutional motive, such as race or religion. *See id.; see also Wade,* 504 U.S. at 186, 112 S.Ct. 1840; *United States v. Forney,* 9 F.3d 1492, 1501–02 (11th Cir. 1993). Here, Petitioner has not alleged an unconstitutional motive.

The Eleventh Circuit did not decide in *Turner* whether third-party assistance could ever be considered substantial assistance. However, there is authority in the Middle District of Florida that a defendant must have personal involvement in a material and substantial way in any substantial assistance rendered. *United States v. Clark,* No. 5:99–cr10–Oc–10 GRJ, 2006 WL 4877554 (M.D.Fla. Jul. 20, 2006). The court rejected the idea that merely recruiting a third party to provide assistance would be sufficient. *Id.* at *2. Petitioner Lott does not allege he had any material

and substantial involvement in the assistance rendered by his cousin.

The *Clark* opinion recognized that there is some authority in other districts allowing consideration of third party assistance, although no appellate courts appear to have directly addressed the issue. At least three district courts have allowed third-party assistance. In the first, *United States v. John Doe,* 870 F.Supp. 702 (E.D.Va.1994), the court allowed a Rule 35 motion by the United States, but established four conditions precedent, including one that required the defendant to have had some role in instigating, requesting, providing or directing the assistance. The court expressed its concern against any scheme that would allow a wealthy defendant to purchase cooperation and thus possibly obtain a lighter sentence than an indigent defendant. *Id.* at 707–08. *Doe* was later cited with approval in *United States v. McMillion,* 528 F.Supp.2d 620, 623 (S.D.W.Va.2007), in which the court considered the assistance the defendant's daughter gave by making undercover purchases after the defendant and her daughter provided the names of sellers of controlled substances to the government. In *United States v. Prokos,* 441 F.Supp.2d 887, 890 (N.D.Ill.2006), the court allowed third-party cooperation contemplated under a plea agreement, without agreeing with the *Doe* factors. However, even if those cases were applicable to this Court, Petitioner's claim would fail because he has not shown an active role in the assistance that is the subject of his motion, and because the prosecutor's office found the cousin's assistance was minimal.

---

4. In *Arriaga v. United States,* No. 08–CV–4388 (FB), 2009 WL 890652 (E.D.N.Y., Feb. 26, 2009), a defendant claimed that after his plea, but before sentencing, his wife entered into an agreement with two Drug Enforcement Administration agents that she would become a confidential informant in exchange for a

Rule 35 letter for her husband. The court noted that agents cannot make binding promises without authorization from the prosecutor. The court found that the defendant's mere allegations were insufficient to trigger an evidentiary hearing. *Id.* at *2.

Other courts aside from *Clark* have disallowed third party cooperation as being sufficient to warrant a motion for reduction of sentence. In a post-sentence Rule 35 case, the court in *United States v. Bush,* 896 F.Supp. 424 (E.D.Pa.1995), found that merely requiring a defendant to provide "some" role in a surrogate's substantial assistance was too lax; rather, the defendant's role had to be "material." *Id.* at 428. In *United States v. Jordan,* No. 5:03–cr–6(HL), 2008 WL 2302681 (M.D.Ga. May 29, 2008), the court noted Rule 35 speaks only to the conduct of the defendant when it stated in dicta that the court "does not look with favor upon reductions in sentences based on third-party assistance." *Id.* at *3. In a case in which the United States moved for reduction under Section 5K1.1 of the Sentencing Guidelines, prior to sentence being imposed, the court in *United States v. Abercrombie,* 59 F.Supp.2d 585 (S.D.W.Va.1999) agreed with *Bush* and added that a defendant's assistance must be substantial in its own right. The court found Abercrombie's assistance in asking his girlfriend to cooperate in making drug purchases was not substantial.[5]

Lastly, Petitioner cites *United States v. Anzalone,* 148 F.3d 940 (8th Cir.1998) for the proposition that the United States may not withhold filing a substantial assistance motion for reasons unrelated to whether "the defendant provided substantial assistance" (*see* Doc. # 81 at 2). The court in a 2–1 decision in *Anzalone* found that the government had refused to file a motion because of continued drug use by the defendant, a reason unrelated to the quality of his assistance, and that instead it should have filed a motion and called the continuing drug use to the district court's attention. 148 F.3d at 941.[6]

Because the United States Attorney's Office in this case found only minimal assistance, even if a third-party's assistance could be considered, *Anzalone* does not support Petitioner's claim. More importantly, however, the Eleventh Circuit has specifically disavowed the approach the court in *Anzalone* used. In *United States v. Nealy,* 232 F.3d 825 (11th Cir.2000), the Eleventh Circuit found that continued drug use was a legitimate reason within the "broad grant of prosecutorial discretion" for refusal to file a substantial assistance motion. *Id.* at 831. The court said it would limit its review of a refusal to file substantial assistance motions to claims of unconstitutional motive. *Id.*

Petitioner also has filed the "Motion for Subpoena Pursuant to F.R.Crim. P. 17(a), (b), (c)" (Doc. # 82, Motion for Subpoena). Because the Court finds Petitioner has not alleged grounds sufficient to merit a hearing, discovery is not necessary in the case.

Accordingly, it is respectfully **recommended:**

---

**5.** However, it should be noted that the court in *Abercrombie* did provide a downward adjustment based on third-party assistance. It did so under Title 18, Section 3553(b) and Section 5K2.0 of the Guidelines, finding that third party assistance was not something the Sentencing Guideline Commission had taken into account in drafting the Guidelines. *Abercrombie,* 59 F.Supp.2d at 591–92. The court specifically noted that such a reduction *would not be available to a defendant previously sentenced,* since Rule 35(b) would then apply. *Id.* at 591 n. 4. Thus, the exception used in

Abercrombie to support a substantial assistance motion would not be available to Petitioner Lott.

**6.** The undersigned is aware of the negative history associated with *United States v. Anzalone,* 148 F.3d 940 (8th Cir.1998). The cited opinion was vacated on September 22, 1998, and later reinstated on October 7, 1998. The discussion of *Anzalone* in this report and recommendation stems solely from Petitioner's reference to this case in his Motion to Compel.

1. The District Court **DENY** Lott's Motion to Compel (Doc. # 81); and,

2. The District Court **DENY** Lott's Motion for Subpoena (Doc. # 82).

**DONE AND ENTERED** in Jacksonville, Florida, this 14th day of June, 2011.